MATHIEW RAE FOX,

        Plaintiff,

                                      Case No. 26-cv-0797-bhl

    v.

ALEXANDRA K. SMATHERS, et al,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

---

On May 5, 2026, Plaintiff Mathiew Rae Fox, proceeding without an attorney, filed a complaint against a number of defendants who were involved in a state court custody dispute: Court Commissioner Alexandra Smathers, Judge Heather Iverson, Attorney Thomas Anderson Jr., Hollie Elizabeth White, Sarah Ann Fox (Sarah Ann), Lora Reinders, Pathways Consulting, and Professional Services Group.[1] (ECF No. 1.) Fox's complaint arises from a state court contempt order entered against him in that custody dispute. *See In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty Case No. 2021FA000047, https://wcca.wicourts.gov/ (last visited July 15, 2026). Defendant Sarah Ann is the children's mother and was awarded custody of the children, Defendant Anderson is Sarah Ann's lawyer, Defendant Judge Iverson is the presiding Judge who issued the contempt order, Defendant Smathers is a Kenosha County Court Commissioner who oversaw part of the custody case, and Defendant White was a hearing witness. (ECF No. 1 ¶¶25–47.) Defendant Lora Reinders is the clinical director of Defendant Pathways Consulting, and both Pathways Consulting and Professional Services Group are therapy providers. (*Id.* ¶¶48–52; ECF No. 1-3 at 2.) Fox is also the defendant in a criminal case that charges him with, among other things, stalking White. *Wisconsin v. Fox*, Kenosha Cnty. Case No. 2025CF001639, https://wcca.wicourts.gov/ (last visited July 15, 2026).

---

[1] Fox also filed a very similar case against many of the same defendants. *See Fox v. Iverson*, No. 26-cv-0772-BHL, ECF No. 1 (E. D. Wis. April 30, 2026).

Fox's allegations concern a contempt order that Judge Iverson entered against him in the custody proceeding, and the Court's response to his conduct regarding the children's therapists. *See In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty Case No. 2021FA000047; (ECF No. 1). Fox challenged the contempt order in state court, but the order was affirmed by the Wisconsin Court of Appeals. *Fox v. Fox*, 2025AP002229, https://wscca.wicourts.gov/ (last visited July 15, 2026). Fox also petitioned the Wisconsin Supreme Court for a supervisory writ, and that request was denied. *Fox v. Cir. Ct. for Kenosha Cnty.*, 2026AP000586, https://wscca.wicourts.gov/ (last visited July 15, 2026). Against that backdrop, Fox's complaint attempts to raise five claims, all under 42 U.S.C. §1983. (ECF No. 1 ¶¶282–331.)

Pending before the Court are a series of motions. Judge Iverson has filed a motion to dismiss, raising issues of judicial immunity, the *Rooker-Feldman* doctrine, *Younger* abstention, absolute and qualified immunity, and the domestic relations exception to federal jurisdiction. (ECF Nos. 6 & 7.) Smathers has also filed a motion to dismiss raising similar arguments. (ECF Nos. 19 & 20.) Pathways Consulting, White, and Professional Services Group also filed motions to dismiss raising similar arguments. (ECF Nos. 23, 24, 34 & 35.)

Because the *Rooker-Feldman* doctrine, domestic relations exception to federal jurisdiction, and *Younger* abstention doctrine preclude this Court from hearing Fox's claims, the Court will dismiss the complaint without prejudice and without leave to amend. Further, because the Court suspects Fox filed this case for an improper purpose, the Court will order Fox to show cause in writing why he should not be sanctioned for violating Federal Rule of Civil Procedure 11. Fox's motion to establish a service procedure, motions for leave to file sur-replies to Defendants' reply briefs, and motion for leave to file supplemental exhibits, will be denied. (ECF Nos. 37, 44, 53, 57, 58, & 59.) Defendant's motion to seal exhibits will be denied, as he has not shown good cause to seal the exhibits. (ECF No. 55.)

## FACTUAL ALLEGATIONS

Plaintiff Mathiew Rae Fox is the parent of two children. (ECF No. 1 ¶23.) Sarah Ann, the children's mother, has custody over them. (*Id.* ¶¶44, 183.) These parties have litigated their divorce and child custody arrangement in *In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty. Case No. 2021FA000047. In that case, Judge Iverson issued an order that prohibited the parties from sharing information about the case or the children on social media. *Id.*

At some point, Sarah Fox took her children to mental health counselors at Pathways Consulting and Professional Services Group, two private organizations that provide therapy. (ECF No. 1 ¶¶74, 81.) White, a former romantic partner of Fox, worked as a therapist with Pathways Consulting or Professional Services Group. (*Id.* ¶¶43, 82, 165–70, 268.) At a family court hearing, Fox raised a concern that this posed a potential conflict of interest, which Judge Iverson addressed, noting that White was not either child's therapist and that therapists are bound by a code of ethics. (*Id.* ¶¶81–85.) Judge Iverson ordered Fox to not contact the children's therapists. (*Id.* ¶78.) He later contacted the therapy providers, asserting that they needed to further preserve his children's medical records. (*Id.* ¶¶109–25.)

White informed Anderson, Sarah Ann's attorney, that Fox had violated the order restricting him from posting about the custody case or children on social media. (*Id.* ¶¶128–29.) This later resulted in Sarah Ann filing a motion for contempt against Fox in the child custody case, which Judge Iverson granted. *In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty. Case No. 2021FA000047. Also in relation to the child custody case, Fox unsuccessfully challenged Anderson's subpoenas to the therapy providers. (*Id.* ¶¶136–50.) Fox also attempted to preclude White from testifying in the child custody case, specifically about her temporary restraining order against him. (*Id.* ¶¶151–61.) This motion was also denied.

At a September 29, 2025 trial to determine custody of the children, Sarah Ann testified about her communications with White, including about a complaint Fox had filed about White's professional license. (*Id.* ¶¶163–67.) White also testified about her prior relationship with Fox, the children, the restraining order against Fox, various police reports about Fox's conduct, and her work. (*Id.* ¶¶172–73.) An employee from "Out & About," an organization that provides supervised visitation services, also testified that the organization no longer provided services to Fox because of his conduct. (*Id.* ¶¶179–81.) The Court ultimately awarded Sarah Ann sole legal custody and primary physical placement, with supervised visitation for Fox for one to two hours per week through Hope Council. (*Id.* ¶183.)

On December 2, 2025, Commissioner Smathers oversaw a "post judgment hearing" in the child custody case. (*Id.* ¶213.) In that hearing, Fox attempted to bring motions for contempt and placement-modification, and both were both without a hearing. (*Id.* ¶¶213–15.) At the same hearing, Commissioner Smathers heard Sarah Ann's contempt motion and tax dependency motions. (*Id.* ¶216.) Fox then raised complaints about Judge Iverson's earlier orders in the custody

case, arguing that the "supervised-placement and support cost structure depleted his ability to have meaningful contact with the children." (*Id.* ¶221.)  Commissioner Smathers responded that she could not change those orders.  (*Id.* ¶¶222–24.)

In his criminal case, Fox made an initial appearance on December 4, 2025.  (*Id.* ¶187.)  The government's allegations in the criminal case implicate Fox's behavior towards White, Pathways and Professional Services Group, and his conduct in the child custody case.  (*Id.* ¶¶187–91.)

On January 20, 2026, Sarah Ann brought an injunction request against Fox related to his communication with her, and her request was denied.  (*Id.* ¶¶200–04.)  On February 9, 2026, White also sought an injunction against Fox.  (*Id.* ¶205.)  In that proceeding, White testified about the 17 police reports she had filed in the past four years and her testimony in Fox's custody case.  (*Id.* ¶¶205–07.)  Fox testified that "White and [Sarah Ann] were working with one another" based on White working at the same provider where the children received therapy.  (*Id.* ¶209.)  That court granted White a four-year harassment injunction against Fox.  (*Id.* ¶210.)

## LEGAL STANDARD

Rule 12(b)(1) allows a court to dismiss a case for a "lack of subject-matter jurisdiction." When the complaint shows that there is no basis for federal jurisdiction, the claims should be dismissed without prejudice.  *Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004).  The Court lacks federal jurisdiction if the *Rooker-Feldman* doctrine applies.  *Id.* at 438. The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over cases brought by "state-court losers challenging state-court judgments rendered before the district court proceedings commenced."  *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  "The doctrine imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments."  *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021)).  It exists because lower federal courts do not have appellate authority over state courts.  *Id.* (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)).  "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine."  *Mains*, 852 F.3d at 675 (citing *Sykes*, 837 F.3d at 742).  The doctrine further bars review of claims that are "inextricably intertwined" with the state court's judgment.  *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).  Accordingly, claims in which a federal plaintiff

complains of an injury caused by a state-court judgment and seeks review and rejection of the state court judgment are barred. *Mains*, 852 F.3d at 675; *Hadzi-Tanovic*, 62 F.4th at 399; *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. ___, 146 S. Ct. 1739, 1747–48 (2026). Only where the plaintiff's alleged injury is entirely "independent" of the state court judgment does *Rooker-Feldman* not bar federal court jurisdiction. *Hadzi-Tanovic*, 62 F.4th at 399 (citing *Andrade*, 9 F.4th at 950). *Rooker-Feldman* applies when the federal plaintiff had a reasonable opportunity to raise the federal issue in the state court proceedings. *Id.*

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of a case for "failure to state a claim upon which relief can be granted." When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). Whether a complaint or an individual claim fails to state a claim is a decision on the merits, and thus a dismissal may be with or without prejudice. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 336 (7th Cir. 2015).

## ANALYSIS

### I.      Fox's Complaint Will Be Dismissed Without Prejudice.

Fox attempts to raise five claims, all under 42 U.S.C. §1983: a First Amendment retaliation claim (Count I); a denial of meaningful access to courts claim under the First and Fourteenth Amendments (Count II); a procedural due process claim (Count III); a substantive due process claim (Count IV); and a claim titled "State-Linked Private Conduct, Joint Action, and Conspiracy" (Count V). These claims fail and cannot be cured by amendment. For the reasons discussed below, the Court will dismiss Fox's complaint without prejudice.

First, the *Rooker-Feldman* doctrine bars Fox's claims because Fox alleges he was injured by state court civil orders holding him in contempt and awarding custody of his children to Sarah Ann, and he now seeks review and rejection of those orders by this Court. Because *Rooker-Feldman* applies to claims that allege injury caused by a state court judgment, his claim implicates the doctrine. *Mains*, 852 F.3d at 675; *Hadzi-Tanovic*, 62 F.4th at 401 (holding that an "alleged loss of familial association is not an injury independent of the state court judgment"); *Homola v. McNamara*, 59 F.3d 647, 649–50 (7th Cir. 1995) (plaintiff who sued defendants who enforced a state court's contempt order against him could not bring Section 1983 claims in federal court due to *Rooker-Feldman*).

As discussed above, lower federal courts do not have appellate jurisdiction over state courts. *Hadzi-Tanovic*, 62 F.4th at 399. In this case, the state court contempt and custody orders were entered before Fox filed this suit, and Fox had the opportunity to challenge those orders in state court and raise the federal issue there. *See id.* The Wisconsin Court of Appeals has affirmed the state court contempt order. While Fox has a pending petition for review in the Wisconsin Supreme Court, this does not affect the application of the Rooker-Feldman doctrine. In *T.M. v. Univ. of MD Med. Sys. Corp.*, the Supreme Court reaffirmed that the doctrine applies equally to state court judgments that are subject to further review in state court proceedings. 146 S. Ct. at 1743–44. In *T.M.*, the Court clarified that, although the first cases establishing the *Rooker-Feldman* doctrine arose from unsuccessful litigants challenging decisions made by state supreme courts, the Court's reasoning in those cases did not suggest that the outcome would have been any different had the state court judgment been pending on appeal. *Id.* at 1749–51. Fox's claim, as it relates to the state court contempt and custody orders, must therefore be dismissed without prejudice for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

Second, to the extent Fox is challenging his state court prosecution for stalking White, or White's decision to report his conduct, the Court must also abstain under the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37, 53–54 (1971), the Supreme Court held that federal district courts must abstain from adjudicating federal claims when a federal plaintiff uses his federal lawsuit to try to enjoin an ongoing state court criminal prosecution. As there is an ongoing criminal prosecution against Fox, filed before this lawsuit, this Court cannot hear his claims.

Third, the domestic relations exception would also bar the Court from hearing Fox's claims. "The exception covers a 'narrow range of domestic relations issues involving the granting of divorce, decrees of alimony,' and child custody orders." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)). Through this lawsuit, Fox is attempting to insert the Court into his state court child custody dispute. The Court lacks jurisdiction over domestic relations issues, like child custody.

Fourth, Fox's Section 1983 claims would fail for other reasons, even if those two doctrines did not apply. Fox sues many individuals who are not state actors.[2] "To state a claim for relief

---

[2]Some of Fox's claims against White, Sarah Ann, Anderson, and Iverson are also likely barred by the doctrine of claim splitting. Claim splitting is a part of the law of res judicata. *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020). Claim splitting blocks a second lawsuit without a final judgment on the merits in the first if there is identity of parties in both suits and an identity in the causes of action. *Scholz v. United States*, 18 F.4th

under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). White, Sarah Ann, Anderson, Professional Services Group, and Pathways Consulting are simply not state actors, and Fox makes no allegations to support an inference that these defendants were "jointly engaged with state officials in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). While Judge Iverson and Commissioner Smathers are state actors, they enjoy judicial immunity from civil suits for their judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

A *pro se* plaintiff is generally afforded one opportunity to amend his complaint, unless amendment would be futile or otherwise unwarranted. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). But, for the reasons discussed above, amendment would be futile in this case. The Court will grant Defendants' motions to dismiss and dismiss Fox's complaint without leave to amend.

## II. Fox Must Show Cause Why He Should Not Be Sanctioned For Filing A Complaint For An Improper Purpose.

Every submission to the Court is a representation certifying that it "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law[.]" Fed. R. Civ. P. 11(b)(1)–(2). Fox's claims are not viable, as Fox himself seems to recognize. His complaint includes multiple attempts to hedge his claims as *not* challenging the state court's ruling and *not* suing defendants who cannot be held liable for the actions he describes. (*See* ECF No. 1 ¶¶2–6, 10–14, 27–29, 32–34, 53–62.)

---

941, 952 (7th Cir. 2021) (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Claims have identity in the causes of action "if the 'claims arise out of the same set of operative facts or the same transaction.'" *Id.* (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). Fox is suing many of the same parties, alleging First Amendment, substantive due process, and procedural due process violations in relation to the same contempt order and same state court custody proceeding. *Compare* (ECF No. 1 ¶¶282–291 (alleging a First Amendment violation)), *with Fox v. Iverson*, No. 26-cv-0772-BHL, ECF No. 1 ¶¶168–178 (E. D. Wis. April 30, 2026) (alleging the same against Sarah Ann, Anderson, and White).

Also problematic is that Fox has shown a pattern of filing cases attacking the defendants in an attempt to intimidate or retaliate against them. He has previously filed a substantially similar case against Sarah Ann, Anderson, White, and Judge Iverson, also related to his child custody proceedings, on April 30, 2026. *See Fox v. Iverson*, No. 26-cv-0772-BHL, ECF No. 1 (E. D. Wis. April 30, 2026). And, as stated above, Fox has been charged with stalking White in Kenosha County Circuit Court, and that criminal case is ongoing. The circumstances suggest that Fox may be trying to use this Court's authority to exact revenge against parties and individuals involved in cases he has previously lost. If so, he is engaging in litigation for an improper purpose. The Court therefore will order Fox to show cause in writing and under penalty of perjury why he should not be sanctioned for violating Rule 11 by filing a complaint for an improper purpose and without any nonfrivolous argument in support of his claims. Fox must submit his explanation in writing to the Court within **fourteen (14) days** of this order.

### III.     Fox's Other Motions Will Be Denied.

Fox's other procedural motions will be denied for a variety of reasons. Fox's motion to establish a service procedure is unnecessary and will be denied as moot. (ECF No. 37.) Because his claims are being dismissed, there is no need to serve additional documents, like discovery requests. The Court Clerk will provide copies of his response to the Court's show cause order, and any additional filings related to potential later sanctions, to Defendants. Fox may simply mail his responses to the Court.

Fox's motions for leave to file a sur-reply to Judge Iverson's, Professional Service Group's, and Smathers's motions to dismiss will be denied. (ECF Nos. 44, 57, 58, & 59.) There are no significant new issues or arguments raised for the first time in these reply briefs, and, accordingly, there is no reason to grant Fox additional opportunities to respond. *See Physicians HealthSource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 968–69 (7th Cir. 2020) (citing *Dr. Robert L. Meinders, D.C. Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015)).

Fox's motion for leave to file supplemental exhibits will be denied as moot, as his case is being dismissed. (ECF No. 53.) Fox's motion to seal those exhibits will also be denied, as he has not shown good cause to seal the exhibits. (ECF No. 55.) Documents filed with the Court are presumed to be public materials. *See GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419–20 (7th Cir. 2014). In civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence, are entitled to be

kept secret.  *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002).  The documents Fox wishes to seal are text messages between him and White from several years ago, and screenshots of the state court docket.  (ECF No. 55-2.)  The Court will deny Fox's motion to seal.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 6, 19, 24, & 34, are **GRANTED**.  Plaintiff's Complaint, ECF NO. 1, is **DISMISSED without prejudice**.  The Clerk is directed to enter judgment accordingly.

**IS IT FURTHER ORDERED** that Plaintiff's Motion to Establish a Service Procedure, and Motion for Leave to File Supplemental Exhibits, ECF Nos. 37 & 53, are **DENIED as moot**.

**IS IT FURTHER ORDERED** that Plaintiff's Motions for Leave to File Sur-Replies, ECF Nos. 44, 57, 58, and 59, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing by July 29, 2026, explaining why he should not be sanctioned for violating Rule 11.

Dated at Milwaukee, Wisconsin on July 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge