U.S. District Court
Wisconsin Eastern

JUL 2 0 2026

FILED
Clerk of Court

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

Case No. 2:26-cv-00797-BHL

MATHIEW RAE FOX,
  *Plaintiff,*
v.
ALEXANDRA K. SMATHERS, et al.,
  *Defendants.*

**PLAINTIFF'S VERIFIED RESPONSE TO ORDER TO SHOW CAUSE
UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

Plaintiff Mathiew Rae Fox, proceeding without counsel, submits this verified response to the Court's July 15, 2026 Order to Show Cause. ECF No. 60. The Court directed Plaintiff to explain in writing and under penalty of perjury why he should not be sanctioned for filing the complaint for an improper purpose and "without any nonfrivolous argument in support of his claims." ECF No. 60 at 7–9. The Court identified the complaint's limiting language, the filing of two related federal actions five days apart, and the pending criminal prosecution involving Defendant Hollie White as circumstances supporting its concern. Id. at 7–8.

Plaintiff answers those concerns directly. He filed this action to obtain judicial adjudication of federal claims he believed arose from an identifiable documentary record—not to harass, intimidate, retaliate, delay, impose needless expense, or exact revenge. Before filing, he reviewed the legal authorities and

source materials cited in or underlying the complaint. Access to courts is an aspect of the First Amendment right to petition, although that right neither excuses compliance with Rule 11 nor supplies jurisdiction where it is absent.[1]

The Court dismissed the complaint without prejudice under Rooker-Feldman and also relied on Younger abstention, the domestic-relations exception, judicial immunity, and §1983's state-action requirement. ECF No. 60 at 5–9; ECF No. 61. This response describes those rulings without conceding them and is not a motion for reconsideration. Nothing here waives or withdraws any jurisdictional, abstention, pleading, merits, immunity, state-action, claim-splitting, postjudgment, or appellate issue. Nor does it admit any criminal allegation, violation of an injunction or court order, or element of an offense; all defenses remain preserved. The questions addressed here are whether the complaint was objectively frivolous when presented on May 5, 2026, and whether it was filed for an improper purpose. The filing-date law and record do not support either conclusion.

## I. SCOPE OF THIS VERIFIED RESPONSE

Plaintiff relies principally on the complaint and its attachments, the motion-to-dismiss briefing, the source records later organized in ECF No. 53, and the Court's July 15 Order. ECF No. 53 was filed after the complaint; it is used here only to identify and organize records that existed before filing, not to substitute postfiling material for the inquiry required on May 5.

---

[1] California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 513 (1972); BE & K Construction Co. v. NLRB, 536 U.S. 516, 525–26, 532–37 (2002).

The cited records are used to show what was said, filed, requested, preserved, reported, or decided. When this response states that a transcript "reflects," correspondence "states," or the criminal complaint "alleges," it identifies the content of an existing record; it does not adopt every third-party assertion as true or ask the Court to resolve disputed state or criminal facts.

## II. GOVERNING RULE 11 STANDARD

Rule 11 required Plaintiff, after an inquiry reasonable under the circumstances, to certify that the complaint was not presented for an improper purpose; that its legal contentions were warranted by existing law or a nonfrivolous argument for changing it; and that its factual contentions had evidentiary support or were specifically identified as likely to obtain support after reasonable investigation or discovery. Fed. R. Civ. P. 11(b)(1)–(3).

Reasonableness is assessed when the paper is presented; a later dismissal or change in law does not itself establish a violation.[2] Improper purpose separately requires record support and cannot rest only on an adverse result or an unfavorable view of the filer. *Vollmer v. Selden*, 350 F.3d 656, 659–63 (7th Cir. 2003).[3]

---

[2] Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399 (1990); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 932–33 (7th Cir. 1989) (en banc).
[3] Vollmer vacated sanctions where the sanction finding lacked adequate record support and relied on material outside the record. 350 F.3d at 659–63.

## III. THE COMPLAINT HAD A NONFRIVOLOUS LEGAL BASIS WHEN FILED

### A. Then-existing Seventh Circuit law supported the pending-review position

Plaintiff filed this complaint on May 5, 2026, while his petition for review remained pending in the Wisconsin Supreme Court. ECF No. 60 at 5. On that date, *Parker v. Lyons* stated that "Rooker-Feldman does not bar the claims of federal-court plaintiffs who, like Parker, file a federal suit when a state-court appeal is pending." 757 F.3d 701, 706 (7th Cir. 2014), overruled on other grounds by *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023).

More than six weeks later, on June 18, 2026, the Supreme Court held in *T.M. v. University of Maryland Medical System Corp.* that Rooker-Feldman may apply while further state review remains available. 608 U.S. ___, 146 S. Ct. 1739, 1743–44, 1747–51 (2026). The Court applied T.M. here. ECF No. 60 at 5–6. Plaintiff does not ask the Court to disregard T.M.; the limited Rule 11 point is that a later Supreme Court decision cannot make the filing-date Parker position frivolous.[4]

### B. The complaint used the recognized source-of-injury inquiry

Plaintiff understood that a federal district court may not serve as an appellate tribunal over state judgments. The complaint therefore attempted to distinguish judgment-caused injuries from asserted federal injuries involving provider-record preservation, information disclosure and routing, law-enforcement

---

[4] Parker v. Lyons, 757 F.3d 701, 705–06 (7th Cir. 2014), overruled on other grounds by Hadzi-Tanovic v. Johnson, 62 F.4th 394 (7th Cir. 2023), supplied the circuit rule on the pending-review point on May 5, 2026. T.M. was decided June 18, 2026. 146 S. Ct. at 1739.

reporting, records-access barriers, and other alleged conduct outside the judgments themselves. ECF No. 1 ¶¶2–14, 53–62, 282–330.

That distinction used an established inquiry: whether the complained-of injury was caused by a state judgment and whether the requested relief required review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 292–93 (2005); *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). A federal claim is not barred merely because it shares facts with state litigation or disputes a legal conclusion reached there; the source of the injury and relief requested matter.[5]

The Court held that the complaint did not adequately separate independently caused injuries from injuries caused by the state judgments. ECF No. 60 at 5–6. Plaintiff preserves his objection to that determination. For present purposes, the complaint invoked an established framework and identified a record-specific distinction; disagreement with the resulting analysis does not make the filing frivolous.

## C. The Younger position rested on existing stay authority

The complaint did not request an injunction terminating or staying the pending criminal prosecution. It attempted to distinguish relief that would interfere with that proceeding from damages and other claims based on allegedly separate conduct.

---

[5] See also Skinner v. Switzer, 562 U.S. 521, 532 (2011) (Rooker-Feldman is not triggered merely because a federal claim denies a state court's legal conclusion).

The Seventh Circuit has held that damages claims that cannot proceed while a criminal matter remains pending ordinarily should be stayed rather than dismissed, because monetary relief is unavailable in the criminal proceeding and the civil claims may otherwise become time-barred. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).[6] Plaintiff's position was not that Younger could never apply; it was that the Court should separately consider which claims would interfere, which concerned independent conduct, and whether a stay was the proper treatment of overlapping damages claims.

The Court applied Younger. ECF No. 60 at 6. Plaintiff preserves his objection; the filing position nevertheless had an existing legal foundation.

### D. The complaint sought to remain outside the narrow domestic-relations exception

The complaint disclaimed any request that this Court award custody, modify placement, determine the children's best interests, calculate support, select a therapist, adjudicate contempt, or supervise the family case. ECF No. 1 ¶¶2–14, 292–319. Those limitations tracked cases describing the domestic-relations exception as narrow and focused on issuing or modifying divorce, alimony, and custody decrees.[7]

The Court characterized the action as an effort to insert the federal court into the custody dispute. ECF No. 60 at 6. Plaintiff preserves his position that the requested relief concerned independently caused federal injuries rather than

---

[6] Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013); Deakins v. Monaghan, 484 U.S. 193, 202 (1988).
[7] Ankenbrandt v. Richards, 504 U.S. 689, 701–04 (1992); Kowalski v. Boliker, 893 F.3d 987, 995–96 (7th Cir. 2018).

issuance or modification of a custody decree. Reliance on the recognized boundary of the exception was not frivolous.

### E. The complaint pleaded a conditional joint-action theory for the private Defendants

The complaint expressly recognized that White, Sarah Fox, Thomas Anderson Jr., Lora Reinders, Pathways Consulting, and Professional Services Group were private actors and that ordinary reporting, representation, motion practice, testimony, treatment, recordkeeping, or receipt of a favorable ruling did not alone create §1983 liability. ECF No. 1 ¶¶322–30.

It pleaded liability only if investigation and discovery established willful joint participation in state action, a doctrine recognized in *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).[8] The pleaded basis included the provider and preservation communications, the identified information-routing sequence, communications among participants, provider subpoenas and testimony, police reporting, and the use alleged in the criminal materials. ECF No. 1 ¶¶53–62, 110–23, 282–330.

The Court held that these allegations did not support a plausible inference that the private Defendants were jointly engaged with state officials. ECF No. 60 at 6–7. This response neither enlarges the complaint nor asserts proof of bribery, conspiracy, or criminal conduct. It shows only that the conditional theory invoked a recognized doctrine and identified source records for proposed factual development.

---

[8] Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). Dennis does not make ordinary litigation or use of court procedures state action; the complaint pleaded joint participation only if supported by proof.

## F. The complaint accounted for judicial immunity through a functional distinction

The complaint did not seek damages from Judge Iverson or Commissioner Smathers for protected judicial rulings. It limited any damages theory to conduct alleged to be nonjudicial or extrajudicial and sought prospective relief only where legally available. ECF No. 1 ¶¶21–34, 249–52, 332–40.

That limitation tracked the functional approach to immunity, which examines the nature of the function performed rather than title alone. *Forrester v. White*, 484 U.S. 219, 224–29 (1988). The Court held that the conduct at issue was protected by judicial immunity. ECF No. 60 at 7. Plaintiff describes that holding without conceding that every challenged act was judicial in function. The complaint's attempt to plead within the recognized functional boundary was not an admission of frivolousness.

## G. The counts invoked recognized constitutional doctrines

The complaint tied its five counts to identified doctrines and records: First Amendment retaliation; meaningful access to courts; procedural due process; substantive due process; and private joint action under §1983. ECF No. 1 ¶¶282–330. Federal law permitted Plaintiff to conduct his own case, and the petitioning and parental-association interests invoked were recognized constitutional interests. Plaintiff does not contend that pro se or parental status excuses Rule 11, eliminates jurisdictional or immunity requirements, or guarantees relief.[9]

---

[9] 28 U.S.C. §1654; California Motor Transport, 404 U.S. at 513; Troxel v. Granville, 530 U.S. 57, 65–66 (2000); Santosky v. Kramer, 455 U.S. 745, 753 (1982).

The Court held that the theories were jurisdictionally barred, insufficiently pleaded, or both. Plaintiff preserves his objections. Rule 11 asks whether the legal contentions had a nonfrivolous basis when presented, not whether they ultimately prevailed.

## IV. THE LIMITING LANGUAGE WAS LEGAL CAUTION, NOT AN ADMISSION

The Court viewed the complaint's limitations as hedging that suggested Plaintiff recognized the claims were not viable. ECF No. 60 at 7. The limitations were intended to avoid overstatement: they distinguished state judgments from allegedly independent conduct, judicial acts from alleged nonjudicial conduct, ordinary private activity from discovery-dependent joint action, and damages claims from interference with a prosecution.

Rule 8 permits alternative and conditional theories; Rule 11(b)(2) permits nonfrivolous arguments to change existing law; and Rule 11(b)(3) permits specifically identified contentions likely to gain support after reasonable investigation or discovery.[10] The limiting language narrowed the complaint rather than admitted frivolousness.

## V. THE FACTUAL CONTENTIONS FOLLOWED A REASONABLE PREFILING INQUIRY

Before filing, Plaintiff reviewed the complaint, the legal authorities he used, and the underlying court records, transcripts, correspondence, preservation materials, police-related materials, criminal complaint, and provider records cited

---

[10] Fed. R. Civ. P. 8(d)(2)–(3); Fed. R. Civ. P. 11(b)(2)–(3).

in or forming the stated chronology. ECF No. 53 later organized those sources. It did not create them.

The prefiling record included:

- the July 30, 2025 prepared police-contact transcript, reflecting White's statements that the children attended two practices where she worked, that Pathways and PSG were her employers, that the July 28 communication went to both organizations, and that she had communicated with Sarah Fox, ECF No. 53-2, Ex. A at 1, 4–7;

- the August 2, 2025 prepared transcript, reflecting further discussion of Pathways, PSG, Lora Reinders, preservation, and the provider-directed communication, ECF No. 53-2, Ex. B at 4–7;

- the prepared transcript of a February 3, 2022 recording, reflecting White's description of direct family-court contact concerning potential court-connected therapeutic work and her identification of the caller, ECF No. 53-2, Ex. C at 4–5;

- the Pathways/Reinders correspondence documenting the July 28 preservation notice, the provider's retention response, Plaintiff's clarification that no confidential treatment records were then requested, and his statement that later access would proceed through legal channels, ECF No. 53-2, Ex. K;

- family-court transcripts and filings concerning provider conflict, provider testimony, records access, subpoenas, preservation, and the roles attributed to the named participants; and

- the criminal complaint and related materials, which referenced the same provider-preservation communications alleged in the federal complaint. These records supplied a basis for the pleaded chronology and for specifically identified inferences that Plaintiff expected to test through investigation or discovery. They did not establish every ultimate inference, and this response does not ask the Court to decide the truth of disputed criminal allegations or communications.

The Court denied ECF No. 53 as moot because the action was dismissed. ECF No. 60 at 8–9. That disposition did not find the underlying transcripts, filings, correspondence, or docket records fabricated. The Rule 11 point is limited: the complaint's factual sequence was tied to identifiable sources, and Plaintiff conducted a prefiling inquiry rather than relying solely on unsupported belief.

## VI. PLAINTIFF DID NOT FILE FOR AN IMPROPER PURPOSE

### A. The purpose was adjudication of claimed federal injury

Plaintiff sought judicial determination of asserted constitutional injuries tied to a specific record. The complaint did not request authorization for personal contact, facilitate a confrontation, publish private communications, halt the criminal prosecution, modify custody or placement, or compel a Defendant to communicate personally with Plaintiff. It requested judicial relief through ordinary process.

### B. The two actions were not filed to multiply proceedings or evade a ruling

Case No. 26-cv-0772 was filed on April 30, 2026; this action followed five days later, before a ruling in either case. Plaintiff understood 772 to concern the

contempt finding and continuing restrictions and 797 to concern a broader provider, records, information-routing, and access-to-courts sequence involving additional Defendants.

The common background and participants created overlap, but Plaintiff did not file the actions in different districts, seek a different judge, conceal their relationship, or refile after an adverse federal ruling. The Court identified claim splitting as a possible additional issue. ECF No. 60 at 6 n.2. Plaintiff preserves his objections concerning party identity, claim identity, operative facts, requested relief, and the absence of a merits judgment when the actions were filed. Even if the claims should have been organized differently, that does not establish an intent to intimidate, retaliate, or exact revenge.

## C. The criminal accusation does not establish the purpose of this civil filing

The Order noted the pending criminal charge involving White as a circumstance suggesting retaliation. ECF No. 60 at 7–8. A charge is an accusation, not proof of the conduct alleged or the purpose of this filing. Plaintiff denies filing to interfere with that proceeding, pressure a participant, or gain collateral leverage. The overlap is cited only because the criminal materials referenced the provider-preservation communications that formed part of the federal chronology. This response does not address the criminal evidence or defenses and admits no criminal fact.

## D. The objective filing conduct is inconsistent with harassment

The cited record reflects use of formal procedures: court filings, motions, preservation correspondence directed to organizations, requests for subpoenas and authorizations, requests for controlled or protected handling of records, provider-conflict objections, and requests for judicial review. Whether every step was legally effective or ultimately successful is distinct from why Plaintiff filed this action. Plaintiff reviewed a substantial record and identified legal boundaries and discovery-dependent contentions in the complaint. The Court's disagreement with his inferences and legal analysis does not establish that the complaint was filed solely to punish adverse participants.

## VII. DISMISSAL DOES NOT, WITHOUT MORE, ESTABLISH A RULE 11 VIOLATION

The July 15 Order establishes the Court's jurisdictional and pleading conclusions. This response supplies the filing-date authority, the identified record, the reason for the complaint's limitations, the distinction Plaintiff understood between the two actions, and his verified denial of improper purpose.

Those matters answer the show-cause inquiry. The dismissal without prejudice and alternative pleading conclusions do not, without more, establish that the complaint was objectively frivolous when presented or intended to harass. No sanction is warranted.

## VIII. REQUESTED RELIEF

Plaintiff respectfully requests that the Court find that he has shown cause, discharge the July 15, 2026 Order to Show Cause without imposing any monetary

Case 2:26-cv-00797-BHL    Filed 07/20/26    Page 13 of 16    Document 62

or nonmonetary sanction, and grant any other relief the Court deems just and appropriate.

Dated this 16th day of July, 2026.

Respectfully submitted,

Mathiew Rae Fox
Plaintiff, pro se
2726 83rd Street
Kenosha, Wisconsin 53143
(262) 203-3109
Mathiew.fox@gmail.com

## DECLARATION UNDER 28 U.S.C. §1746

I, Mathiew Rae Fox, declare as follows:

1. I am the Plaintiff and submit this declaration from personal knowledge solely in response to the Rule 11 Order to Show Cause.

2. I filed the complaint on May 5, 2026, to obtain adjudication of the federal claims stated in it—not to harass, intimidate, retaliate, delay, impose needless expense, or exact revenge.

3. Before filing, I reviewed the complaint, the legal authorities I used, and the source materials underlying its chronology, including court records and transcripts, provider and preservation correspondence, police-related materials, and the criminal complaint. ECF No. 53 later organized many of those prefiling sources; I do not rely on a later-created record as a substitute for my prefiling inquiry.

4. I used those materials to identify what was alleged, said, filed, requested, preserved, reported, or decided. I did not adopt every third-party statement as true merely because it appeared in a transcript, complaint, filing, or item of correspondence.

5. I did not intend this action to ask the Court to award custody, modify placement, determine the children's best interests, calculate support, adjudicate contempt, supervise the family case, or halt the criminal prosecution.

6. I understood that ordinary private reporting, representation, motion practice, testimony, treatment, recordkeeping, or receipt of a favorable ruling did not alone establish state action. The complaint identified the joint-action theory as dependent on proof beyond ordinary private conduct.

7. I understood Case Nos. 26-cv-0772 and 26-cv-0797 to concern different asserted episodes, Defendants, records, and injuries despite overlap in participants and background. I did not file separate actions to evade a ruling, obtain a different judge, conceal overlap, or multiply expense.

8. I did not file this action to interfere with the pending criminal proceeding, pressure any participant, or gain collateral leverage. I admit no allegation, violation, or element of an offense in that proceeding and preserve all defenses.

9. This declaration addresses only my prefiling inquiry and filing purpose. It withdraws no argument and waives no postjudgment or appellate issue.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Date this 16th Day of July, 2026, in Kenosha, Wisconsin.

Mathiew Rae Fox