# United States District Court
# Eastern District of Wisconsin

*Case No. 2:26-cv-00797-BHL*

MATHIEW RAE FOX,
Plaintiff,
v.
ALEXANDRA K. SMATHERS, et al.,
Defendants.

U.S. District Court
Wisconsin Eastern
SEP 22 2026
FILED
Clerk of Court

## EXHIBIT INDEX FOR RULE 60(b)(6) / RULE 62.1 MOTION

| Ex. | Document | Purpose / status |
|---|---|---|
| A ✓ | Prosecutor-defense counsel email chain, August 19-20, 2026 (client-attorney communications excluded) | Postjudgment; prosecutor's August 20 plea-resolution statement. |
| B ✓ | Kenosha County Case No. 2025CF001639 disposition | Postjudgment criminal posture; August 20 disposition; postconviction notice. |
| C ✓ | Family-court Document 502, June 24, 2026 | Pre-judgment context; provider-specific authorizations, asserted authority, narrowed categories. |
| D ✓ | Family-court Document 510, July 1, 2026 | Pre-judgment context; proposed neutral records-processing procedure; not an entered order. |
| E ✓ | Family-court Document 521, August 10, 2026 | Postjudgment docket event; decline of proposed prompt-ruling order. |
| F ✓ | PSG records correspondence, September 2-8, 2026 | Postjudgment; initial willingness to assemble records, detailed request, counsel routing, transmission of denial. |
| G ✓ | PSG denial letter dated September 3, 2026 | Postjudgment; formal provider position under 45 C.F.R. § 164.502(g)(5) and asserted court-order requirement. |
| H ✓ | Family-court Documents 483-485, April 20-21, 2026 | Pre-judgment context; initial records motion, proposed order, and Smathers decline. |
| I ✓ | Certified March 4, 2026 transcript excerpt, Case No. 2026CV000107 | Pre-judgment corroboration only; licensing reports, provider employment, police-report history, asserted litigation purpose. |
| J ✓ | Kenosha Police Department report excerpts | Pre-judgment corroboration only; provider-directed communications and injunction/criminal referral chronology. |

Gmail Brian Severson [redacted]

**Mathiew R. Fox: 25CF1639**

23 messages

**Brian Severson** <[redacted] Fri, Aug 7, 2026 at 3:43 PM

[redacted]

Hello Attorney Kurta-
This case is coming up for Jury Status on 8/20 and Jury Trial 8/24. I just saw that you were added on to it so I am wondering if you want to try to touch base sometime soon to see where we are at since you and I have not discussed that case at all?
Thanks,
Brian
[redacted]

**Kurta, Vincent** <[redacted] Mon, Aug 10, 2026 at 7:25 AM
To: Brian Severson <[redacted]

Based on my review of the case notes, it appears that a misdemeanor resolution may have been possible at one point. That's where I think we are at. I don't yet know if that is still the case on our end, I have to confer with a few people on that.

[redacted]

**Brian Severson** <[redacted] Mon, Aug 10, 2026 at 9:10 AM
To: "Kurta, Vincent" <[redacted]

Ok thanks. If a misdemeanor resolution may be possible, I think a starting point would be trying to sort out the restitution. I'm somewhat confused about the restitution request, exactly what it is asking for, and what it is based on. If we could reach an agreement on the restitution amount I would be looking to try to have that paid by my client up front with some kind of plea/sentencing recommendation based on that.

It still may be a longshot to find agreement here, but I think that might be the best starting point anyways.

Thanks,
Brian
[redacted]
[Quoted text hidden]

**Kurta, Vincent** <[redacted] Wed, Aug 12, 2026 at 9:59 AM
To: Brian Severson [redacted]

The restitution request is for PTO the victim had to use to take off from work to attend court, etc. As for a resolution, I can make a few options:

Once again, Commissioner Smathers 'renewed' the TRO causing more litigation!!!! After I disclosed that Hollie Called my work and had me terminated!!!

[redacted]

**Brian Severson** <[redacted] Wed, Aug 12, 2026 at 2:35 PM
To: "Kurta, Vincent" [redacted]

Thank you. I will discuss with my client. I just wanted to confirm the restitution amount you would be seeking. I see one part of her request being $2566.80 for missed hours, but then right next to that it says $3500 conservatively. It also says $750 for bodily injury. Then on the grand total section it references $15,000. Any thoughts on what the up-front restitution payment would actually be from your perspective?
Thanks,
Brian

[redacted]

---

**Kurta, Vincent** <[redacted] Wed, Aug 12, 2026 at 2:54 PM
To: Brian Severson <[redacted]

The official request is for $4250. Anything else isn't valid for a restitution request. That's what we have on the restitution petition and the order that's ready to file at sentencing.

[Quoted text hidden]

---

**Brian Severson** <[redacted] Wed, Aug 12, 2026 at 3:03 PM
To: "Kurta, Vincent" [redacted]

Great thanks that makes things simpler.

[Quoted text hidden]

---

**Brian Severson** <[redacted] Mon, Aug 17, 2026 at 7:05 PM
To: "Kurta, Vincent" [redacted]

Hi Vincent-
I have been able to review the restitution and the offer with Mr. Fox.

As to the restitution request, it looks like $750 is for "bodily injury", and $3500 is for "wage loss", at least from the sheet I received, to get to the $4250 total. For the bodily injury there is reference to copays for mental health care but no documentation. The wage loss verification form shows 72 hours at $35.65 for $2566.80, so I am not sure where the $3500 comes from. Also, 72 hours seems pretty high for what I believe has been 5 court appearances so far. 14.4 hrs per hearing.

Regardless, from my discussions with Mr. Fox he will agree to pay that $4250 up front if the rest of the agreement can be sorted out. [redacted]

He would pay the restitution up front for an amendment to an ordinance violation or violations, [redacted]

Please let me know what you think or if you would like to discuss.
Thanks,
Brian

[redacted]

Attorney Anderson Subpeanad Hollie into the case, and i filed motions to keep her out! Iverson allowed it! And Commissioner Smathers 'renewed the 26CV107 ex parte! See Motion to Strike Dkt. 59 26CV107
See Dkt. 201 & 203 in 2021FA47
Additionally - Audio of Hollie says, "She loves playing trauma girl".

**Kurta, Vincent** <[redacted] Wed, Aug 19, 2026 at 12:44 PM
To: Brian Severson [redacted]

I have access to email but not my files. I believe we can work this out. Tomorrow we may or may not have an agreement at the jury status time ( I though think we can figure it out in the morning via email) but we should have an agreement so as not to go to trial.

[Quoted text hidden]

---

**Kurta, Vincent** <[redacted] Wed, Aug 19, 2026 at 2:21 PM
To: Brian Severson <[redacted]

It has to be a misdemeanor resolution though. I'm not concerned about any jail or probation, but of course neither of us control that. I think the payment of restitution will make things work out.

[Quoted text hidden]

---

**Brian Severson** <[redacted] Wed, Aug 19, 2026 at 6:47 PM
To: "Kurta, Vincent" [redacted]

The misdemeanor conviction is the issue for Mr. Fox though, so I think we are stuck.

[Quoted text hidden]

---

**Kurta, Vincent** <[redacted] Thu, Aug 20, 2026 at 7:26 AM
To: Brian Severson [redacted]

I think we can do a DC with restitution paid up front. We can amend Count 1 to DC and dismiss/read in the remainder, with a joint recommendation for a fine to that amended count.

[Quoted text hidden]

---

[redacted] Thu, Aug 20, 2026 at 10:22 AM

[redacted]

---

**Brian Severson** <[redacted] Thu, Aug 20, 2026 at 11:44 AM
To: "Kurta, Vincent" <[redacted]

Hi Vincent-
I am still working on this. I am going to spitball a little with you because I think with where we are at we should absolutely not be having a jury trial on this case.

[redacted]

Thanks
Brian
[redacted]
[Quoted text hidden]

---

**Kurta, Vincent** <[redacted] Thu, Aug 20, 2026 at 11:51 AM
To: Brian Severson <[redacted]

No, we have to dismiss and read in everything, especially if Count 1 is amended to a DC. I would get a complaint to the board from the victim if we give the case away.

[Quoted text hidden]

Complaint to the board, for litigation for MY custody case?
When I filed a complaint to DSPS, OLR, Judicial Commision
It was criminalized?! There is proof of this!

---

**Brian Severson** <[redacted] Thu, Aug 20, 2026 at 11:52 AM
To: "Kurta, Vincent" <[redacted]

Understood

[Quoted text hidden]

---

**Brian Severson** <[redacted] Thu, Aug 20, 2026 at 12:39 PM
To: "Kurta, Vincent"[redacted]

Is there an issue with a no contest plea?

[Quoted text hidden]

[redacted]

---

**Kurta, Vincent** <[redacted] Thu, Aug 20, 2026 at 12:40 PM
To: Brian Severson [redacted]

Yes, judge doesn't take those

This is a false statement!
See: 2016CF27, 2018TP36, 2018TP37,2023TP10, 2022TP67, 2022TP68

[Quoted text hidden]

[redacted] Thu, Aug 20, 2026 at 12:40 PM

---

**Brian Severson** [redacted] Thu, Aug 20, 2026 at 12:45 PM
To: "Kurta, Vincent" [redacted]

Will it be a problem from your perpective for me to ask the court to consider accepting a no contest plea?

[Quoted text hidden]

[redacted]

[redacted]

***Respectfully,***
***Mathiew Fox***

[redacted]

On Aug 20, 2026, at 8:09 PM, Brian Severson [redacted]

[Quoted text hidden]

---

**Brian Severson** [redacted] Thu, Aug 20, 2026 at 9:20 PM
To: Mathiew Fox [redacted]

No contest was not an option becuase that judge does not accept no contest pleas. As you saw, all of the other defendants that were pleading plead guilty as well.

[redacted]

# Kenosha County Case Number 2025CF001639 State of Wisconsin vs. Mathiew R. Fox

## Case summary

| Filing date | Case type | Case status | |
|---|---|---|---|
| 11-14-2025 | Criminal | Closed - Electronic filing | |
| **Defendant date of birth** | **Address** | **Branch ID** | **DA case number** |
| [redacted] | [redacted] | 7 | 2025KN001815 |

## Charges

Printable version

| Responsible official | Prosecuting agency | Prosecuting agency attorney |
|---|---|---|
| Meier, Jodi L. | District Attorney | Kurta, Vincent S |

**Defendant owes the court:** $1,045.90

| Count no. | Statute | Description | Severity | Disposition |
|---|---|---|---|---|
| 1 | 947.01(1) | Disorderly Conduct | Misd. B | Guilty Due to Guilty Plea |
| 2 | 813.125(7) | Violate/Harassment Restraining Order | Misd. U | Charge Dismissed but Read In |
| 3 | 942.01(1) | Defamation | Misd. A | Charge Dismissed but Read In |
| 4 | 813.125(7) | Violate/Harassment Restraining Order | Misd. U | Charge Dismissed but Read In |
| 5 | 813.125(7) | Violate/Harassment Restraining Order | Misd. U | Charge Dismissed but Read In |

## Defendant

| Defendant name | Date of birth | Sex | Race |
|---|---|---|---|
| Fox, Mathiew R. | [redacted] | Male | Caucasian |
| **Address (last updated 11-14-2025)** | **JUSTIS ID** | **Fingerprint ID** | |
| [redacted] | | | |

### Attorneys

| Attorney name | Entered | Withdrawn |
|---|---|---|
| Severson, Brian William | 11-24-2025 | 08-25-2026 |

### Also known as

| Name | Type | Date of birth |
|---|---|---|
| Fox, Mathiew Rae | Also known as | |

## Court record

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 09-17-2026 | Check/Disbursement | | | $4,250.00 |

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| | **Additional text:** | | | |
| | Restitution released to victim. ks/sa CK# 26CH | | | |
| 08-28-2026 | Assessment Report | | | |
| 08-28-2026 | Judgment of conviction | Smith, Kendra | | |
| 08-28-2026 | Cash bond applied | | | $5,000.00 |
| | **Additional text:** | | | |
| | 26A 504122 | | | |
| 08-27-2026 | Transcript | | Bish, Brady | |
| | **Additional text:** | | | |
| | Transcript - Plea/Sentencing Hearing - 8/20/26 | | | |
| 08-27-2026 | Letters/correspondence | | | |
| 08-25-2026 | Order | Meier, Jodi L. | | |
| 08-24-2026 | Request | | | |
| | **Additional text:** | | | |
| | for Transcript 8/20/2026 hearing<br>To Court Reporter B. Bish 8/31 rmm | | | |
| 08-24-2026 | Proposed Order | | | |
| 08-24-2026 | Motion to withdraw as counsel | | | |
| 08-24-2026 | Notice of intent to pursue post-conviction relief | | | |
| | **Additional text:** | | | |
| | Emailed to SPD 8/24/26 AL | | | |
| 08-24-2026 | Restitution order | Meier, Jodi L. | | |
| | **Additional text:** | | | |
| | Restitution stipulated to by the defendant and to be released forthwith | | | |
| 08-21-2026 | Amended information | | | |
| 08-20-2026 | Dispositional order/judgment | Meier, Jodi L. | | |
| 08-20-2026 | Proposed Order | | | |
| | **Additional text:** | | | |
| | for Restitution | | | |
| 08-20-2026 | Petition | | | |

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| | **Additional text:**<br>for Restitution Order | | | |
| 08-20-2026 | Notice<br>**Additional text:**<br>of DNA Collection | | | |
| 08-20-2026 | Fine due slip | | | |
| 08-20-2026 | Appeal rights/info on postconviction relief | | | |
| 08-20-2026 | Plea questionnaire, waiver of rights<br>**Additional text:**<br>and elements | | | |
| 08-20-2026 | Plea/sentencing hearing<br>**Additional text:**<br>1:31 PM Attorney Vincent Kurta appeared for the State. DE appears in person with Atty Brian Severson. Victim present in court. Clerk P. Scypta.<br>MINUTES: Matter is resolved. Amended information filed. Victim rights compliance. DE enters plea of guilty to amended Ct1 - found guilty by the Court. Remaining counts dismissed and read-in. Restitution stipulated in the amount of $4,250.00 to victim - to be paid from bond on deposit. Remainder may be returned to poster. Victim statement. Sentence recommendations. Court orders a $500 fine plus costs. Defendant is ordered to submit to a DNA sample & pay the surcharge, notice given to def. in court. Appeal rights given. | Meier, Jodi L. | Bish, Brady | |
| 08-11-2026 | Witness list - plaintiff | | | |
| 07-23-2026 | Witness list - plaintiff | | | |
| 05-26-2026 | Transcript<br>**Additional text:**<br>Transcript - Motion Hearing - 5/6/26 | | Bish, Brady | |
| 05-15-2026 | Request<br>**Additional text:**<br>Request for Transcript from DE<br>sent to BS- | | | |
| 05-06-2026 | Motion hearing<br>**Additional text:**<br>Attorney Ismael El-Hassan appeared for the State. Defendant appeared in court in person and w/ Attorney Severson. Clerk/S. Garcia. Attorney Severson's motion to dismiss; arguments heard. The Court denies the motion. Attorney Severson requests a jury trial.<br>Jury status hearing scheduled for August 20, 2026 at 01:00 pm.<br>Jury trial scheduled for August 24, 2026 at 08:30 am. | Meier, Jodi L. | Bish, Brady | |

FILED
09-14-2026
Clerk of Circuit Court
Kenosha County
2021FA000047

**DATE DECLINED: September 14, 2026**

Court will address all motions and requests at a scheduled hearing.

Electronically declined by Jason A. Rossell
Circuit Court Judge

STATE OF WISCONSIN [illegible] COUNTY
BRANCH 2

In re the Marriage of:
SARAH ANN FOX,
Petitioner,

and

MATHIEW RAE FOX,
Respondent.

Case No. 2021FA000047

Hon. Jason A. Rossell

PROPOSED ORDER

PARENTAL ACCESS TO MINOR CHILDREN'S RECORDS

DECLINED

The Court having reviewed Respondent's pending request concerning access to the minor children's records, including Document 486 and Respondent's June 24, 2026 submission filed as Document 502; and

The Court noting that Document 502 was filed pursuant to the Court's June 23, 2026 directive that Respondent submit the authorization forms referenced in Document 486; and

The Court having considered the statutory provisions governing parental records access and the limitations applicable to treatment, privileged, confidential, or otherwise protected information;

IT IS ORDERED:

1. Parental Records Access. Pursuant to Wis. Stat. § 767.41(7)(a), Respondent Mathiew Rae Fox's present lack of legal custody does not, standing alone, prohibit his access to the minor children's medical, dental, and school records. With respect to treatment records governed by Wis. Stat. § 51.30, Respondent's access shall be governed by Wis. Stat. § 51.30(5)(b) and the other applicable provisions of that section. All access remains subject to any applicable statutory exception, privilege, confidentiality requirement, or specific existing court order limiting access.

STATE OF WISCONSIN * CIRCUIT COURT * KENOSHA COUNTY
BRANCH 2

**In re the Marriage of:**
SARAH ANN FOX,
Petitioner,

and

MATHIEW RAE FOX,
Respondent.

**Case No. 2021FA000047**
**Hon. Jason A. Rossell**

**PROPOSED ORDER**

**PARENTAL ACCESS TO MINOR CHILDREN'S RECORDS**

DECLINED

The Court having reviewed Respondent's pending request concerning access to the minor children's records, including Document 486 and Respondent's June 24, 2026 submission filed as Document 502; and

The Court noting that Document 502 was filed pursuant to the Court's June 23, 2026 directive that Respondent submit the authorization forms referenced in Document 486; and

The Court having considered the statutory provisions governing parental records access and the limitations applicable to treatment, privileged, confidential, or otherwise protected information;

**IT IS ORDERED:**

**1. Parental Records Access.** Pursuant to Wis. Stat. § 767.41(7)(a), Respondent Mathiew Rae Fox's present lack of legal custody does not, standing alone, prohibit his access to the minor children's medical, dental, and school records. With respect to treatment records governed by Wis. Stat. § 51.30, Respondent's access shall be governed by Wis. Stat. § 51.30(5)(b) and the other applicable provisions of that section. All access remains subject to any applicable statutory exception, privilege, confidentiality requirement, or specific existing court order limiting access.

**2. Documents 486 and 502.** The Court recognizes Document 486 as Respondent's pending records-access request and accepts Document 502 and its attached authorization forms as compliance with the Court's June 23, 2026 directive to submit those forms.

**3. Authorizations.** To the extent Pathways Consulting, Professional Services Group/PSG, or another provider requires an authorization, release, consent, or comparable form from Petitioner in order to process a records request for information that Respondent is otherwise legally entitled to receive, Petitioner shall execute the reasonably necessary authorization or form within seven (7) calendar days of entry of this Order. Petitioner's execution of such an authorization shall not be construed as consent to disclosure of information that applicable law independently prohibits the provider from releasing.

**4. Objection to Authorization.** If Petitioner objects to executing a provider-required authorization described in paragraph 3, Petitioner shall file a written objection within seven (7) calendar days identifying the specific authorization or requested category at issue and the basis for the objection. An objection based solely upon Respondent's present lack of legal custody shall not constitute a sufficient basis for withholding execution of an authorization for records to which Respondent is otherwise entitled by law.

**5. Scope of Request.** Respondent may request the categories of records identified in Document 502, including intake, referral, enrollment, assessment, administrative handling, billing, authorization, scheduling, attendance, provider assignment, records access, records disclosure, and related service information, to the extent Respondent is entitled to access those records under applicable law. Document 502 separately states that the authorizations are not directed at separately maintained psychotherapy process notes as a standalone category.

**6. Legally Protected Material.** Nothing in this Order requires disclosure of any record or portion of a record that a provider is prohibited by law from releasing. Nothing in this Order abrogates any applicable privilege, confidentiality protection, statutory exception, or lawful court-ordered restriction.

**7. Narrowing Rather Than Wholesale Denial.** If a particular category or portion of the requested records is subject to a lawful restriction, that restriction shall not, by itself, operate as a denial of all otherwise accessible

records. The parties may seek further direction from the Court concerning disputed categories, redaction, protective conditions, staged production, or another procedure authorized by law.

**8. Existing Contact Restrictions.** Nothing in this Order authorizes Respondent to contact Hollie White or to violate any injunction, bond condition, no-contact provision, or other lawful restriction currently in effect.

**9. Records-Access Channels.** Respondent may pursue lawful records access through a provider's records custodian, health-information-management department, compliance office, administrative office, counsel, secure records portal, mail, or other ordinary records-access channel, provided that the method used does not constitute direct or indirect contact with any individual whom Respondent is prohibited by law or court order from contacting.

**10. Effect of Existing Custody and Placement Orders.** Nothing in this Order modifies the present allocation of legal custody, physical placement, treatment decision-making authority, provider assignment, or any other existing custody or placement order. This Order concerns records access only.

**11. Use of Order.** Respondent may provide a file-stamped or certified copy of this Order to Pathways Consulting, Professional Services Group/PSG, or another records custodian in connection with a lawful request for the minor children's records.

**12. Further Relief.** Either party may seek further judicial determination concerning a specifically identified record or category if a dispute remains after entry of this Order.

Dated this _____ day of September, 2026.

---

Hon. Jason A. Rossell
Circuit Court Judge
Kenosha County Circuit Court

FILED
08-10-2026
Clerk of Circuit Court
Kenosha County
2021FA000047

**DATE DECLINED: August 10, 2026**

Electronically declined by Gerad Dougvillo
Circuit Court Judge

DECLINED

**STATE OF WISCONSIN * CIRCUIT COURT * KENOSHA COUNTY**
**FAMILY COURT BRANCH 1**

---

**In re the Marriage of:**

**SARAH ANN FOX,**
Petitioner,

Case No. 2021FA000047

v.

Hon. Gerad T. Dougvillo

**MATHIEW RAE FOX,**
Respondent.

---

## PROPOSED ORDER

---

DECLINED

The Court, having reviewed Respondent's Expedited Motion for Ruling on Documents 486 and 502, orders:

1. Respondent's request for a prompt ruling is **GRANTED**.
2. Documents 486 and 502 shall be decided on the existing record or set for prompt further proceedings.
3. If additional information is required, the Court shall identify the specific issue requiring further submission.

Dated this ___ day of July, 2026.

BY THE COURT:

Hon. Gerad T. Dougvillo
Circuit Court Judge

Gmail

Mathiew Fox <mathiew.fox@gmail.com>

## Re: records request

1 message

**Mathiew Fox** <mathiew.fox@gmail.com> Wed, Sep 16, 2026 at 1:55 AM
To: dmurphy@reinhartlaw.com, shobbs@reinhartlaw.com, jrejowski@reinhartlaw.com

Counsel,

The attached documents materially increase the significance of the records-access issue and raise serious questions concerning nonjudicial coordination surrounding the children's treatment records and their subsequent use in the custody proceedings.

To my knowledge, there is no operative court order expressly prohibiting my access to these records. The trial testimony is also significant because the children's treating therapists testified that they did not perform the original intake. The identity of the person who conducted that intake, the information provided during it, the original documentation, and the subsequent provider-assignment history are therefore directly material.

This correspondence is not discovery, and Fed. R. Civ. P. 37 does not apply. I am making a direct parental records-access request.

The governing authorities are clear:

- Under Wisconsin law, a child's medical records are available to a parent regardless of whether that parent has legal custody, except where an applicable statutory exception applies or the court orders otherwise (Wis. Stat. § 767.41(7)(a)).
- HIPAA likewise provides a right of access to protected health information maintained in a designated record set, subject to specifically defined exceptions (45 C.F.R. § 164.524).

While PSG has separately invoked 45 C.F.R. § 164.502(g)(5), that provision does not create an automatic denial merely because custody or placement has been modified. It requires the conditions stated in the regulation, including the requisite reasonable belief and professional judgment concerning the child's interests.

I have repeatedly requested identification of the actual statutory or judicial basis for withholding these records. If your client contends that a protective order or other court order prohibits disclosure, please identify the specific order, docket entry, date, and operative language.

The continued refusal to identify that authority, coupled with the history reflected in the attached materials, raises legitimate questions concerning who made the decision to restrict access, when that decision was made, what information was relied upon, and whether that restriction existed before or only after these records became material to the litigation.

Additionally, I possess the audio from the relevant hearing containing statements material to the involvement of your client and Judge Iverson. I will address that evidence through the appropriate proceeding rather than litigating its significance through correspondence.

I do not want additional litigation. I want the records to which I am lawfully entitled, together with a legally sufficient explanation for any material withheld. Your client can produce the records, identify the precise lawful basis for withholding them.

This correspondence and the attached documents are being preserved and may be used as evidence where relevant.

MS. LOSEY: You really don't want to. You have an (indiscernible).

MR. FOX: The --

THE COURT: All right. Attorney Anderson.

Was that an Attorney Losey? I'm sorry.

MS. LOSEY: Can I have one second with my client?

THE COURT: Of course.

(Attorney Losey conferring with her client.)

MS. LOSEY: Your Honor, he's concerned that you're aware that the ex-girlfriend he's talking about is the one that GAL referred to, and that's a contentious part of this case. So it's not as if this is a friendly ex-girlfriend. This is one where there's some definite issues and the issues are in conflict.

THE COURT: Sure.

I will remind the parties to make sure when you're talking to each other to push that button or the recorder picks up everything.

THE COURT REPORTER: You have to hold it for it to stay muted. Otherwise, it's on.

MR. ANDERSON: Got it.

THE COURT: For everybody.

All right. Noted. Attorney Losey, anything else?

MS. LOSEY: No, Your Honor.

THE COURT: Attorney Anderson, any response?





proceeded. I've been seeing Michael since roughly February of this year.

Q. Okay. So the original discussion was back some time ago.

A. Yes.

Q. And what was that supposedly for? Explain what it is that that constitutes.

A. So, Parent Child Interaction Therapy is a therapeutic modality that involves both the parent and the child to address behaviors. It's therapy for both the parent and the child. It gives a parent tools to essentially allow the parent to be their child's therapist, while I, as a therapist, guide the parent through that modality. During intake, mom had endorsed that Michael was struggling with low confidence, had externalized behaviors, struggled with same age peers. So the therapy modality was an appropriate fit.

Q. Okay. But that never took place.

A. We made it through intake, but moving forward, no.

Q. All right. So then you didn't have anything to do with anybody until ultimately you began seeing Michael as a referral again from mom, this time in February of this year?

A. Correct.

Q. Okay. And what is it that you have begun to do or tell me what it is that you're doing with Michael at this point?

call it -- I don't want to know about every single session, as I told you. I think when I talked on the telephone once, I basically said, I'm here to ask you about what you're doing for Michael in more or less general terms, but not every session where he started at, any diagnosis, and where the plan is from here.

A. Mn-hmm. So I completed intake with mom as that was appropriate. She's his guardian. I can't do intake with a five-year-old at the time. So I reviewed the intake. I got all the information that I needed. I have to make a clinical

Page 99

Case 2021FA000047 Document 312 Filed 11-17-2026 Page 100 of 232

diagnosis after intake. I diagnosed him with PTSD unspecified. Given the information that I had received from mom and intake, it felt -- it felt like an appropriate diagnosis at the time.

I see Michael, again, individually weekly in my office, when he presents at my office every week. I take -- take who is presented at that session. Michael was reserved at first. He was shy, but he's a great kid. Over the, I would say the year that I've seen him, I mean, it hasn't been a year, but since I've started seeing him, we are, I would say we built rapport from the beginning and then we -- Michael engages -- I do child led therapy. So whatever he wants to do for that session, I follow his lead. I observe him. I note any clinical observations and that's what -- that's --

Q. So what is it that caused you to -- to diagnose him at the beginning with some form of PTSD? Now to describe what that means for us lay people.

A. So an intake mom had given me some information around an incident that occurred with dad, where Michael was when he was with dad, that there was an incident where he was locked in

A. After she had left, I would see CCAP Mathiew's name often just to see what I need to worry about what's going on, because I didn't know anything what was going on in his life, his world. So I would CCAP him. And one night I CCAPed his name and I had saw a restraining order against him, but there was no name of the individual. And I naturally assumed that it was Hollie White because she was his girlfriend for a long time.

So I reached out to her on Instagram because I was worried about the kids and wanted to know what happened. Because prior to that, he had sent me a video of Hollie giving Eden a shower and Eden screaming and Holly saying, "What? What happened?" I

Page 39

Case 2021FA000047 Document 312 Filed 11-17-2026 Page 40 of 232

didn't see anything on the video. I don't know what happened. I contacted Hollie to meet with her and ended up meeting with her and asked her about the situation with the shower and also asked her about the kids and the relationship that her and Mathiew had and the relationship that she had with the kids out of concern and ended up being support for one another and just becoming friends through that.

Respectfully,
Mathiew Fox

On Fri, Sep 11, 2026 at 3:29 PM Mathiew Fox <mathiew.fox@gmail.com> wrote:

Counselor's-
Hope you had a wonderful week.
I'm following up on my requests before I pursue my next steps.

***Respectfully,***
***Mathiew Fox***
***M*** *262-203-3109*
***E*** *Mathiew.fox@gmail.com*
*'Lex Vinicit Tenebras'*

On Sep 8, 2026, at 10:23 AM, Mathiew Fox <mathiew.fox@gmail.com> wrote:

Counselors,

I am writing regarding Professional Services Group's September 3, 2026 written denial of my request for Michael Fox's treatment records, which was transmitted to me on September 8.

I routed this request through PSG's counsel specifically to avoid any dispute concerning direct communications with PSG personnel. This remains a records-access matter, not a discovery request.

PSG's letter cites 45 C.F.R. § 164.502(g)(5) and generally states that records may be withheld where access could endanger a minor or compromise the minor's safety. It further states that access is restricted where a parent's "legal custody or physical placement rights have been modified" and concludes that PSG cannot release any records to me without an explicit certified circuit-court order.

That response does not adequately identify the legal basis for the categorical denial.

Wisconsin law expressly provides:

"Except under par. (b) or unless otherwise ordered by the court, access to a child's medical, dental and school records is available to a parent regardless of whether the parent has legal custody of the child."

Wis. Stat. § 767.41(7)(a).

The statutory exception in § 767.41(7)(b) concerns a parent who has been **denied periods of physical placement**, not merely a parent whose legal custody has been modified or whose placement is supervised. Section 51.30(5)(bm) likewise applies to a parent who has been denied physical placement under Wis. Stat. §§ 767.41(4)(b) or 767.451(4).

I have not been denied all periods of physical placement. The operative Final Order grants me supervised secondary physical placement. Accordingly, PSG's statement that records access becomes restricted simply because custody or placement rights have been "modified" appears materially broader than the language enacted by the Wisconsin Legislature.

If PSG contends that some other operative court order expressly prohibits my access to Michael's records, please identify the specific order, date, docket number, and operative language. I previously requested that information. None has been identified.

PSG's reliance upon 45 C.F.R. § 164.502(g)(5) also requires clarification. That provision does not authorize withholding merely because custody has changed. It permits a covered entity, in qualifying abuse, neglect, or endangerment circumstances, not to treat a person as the individual's personal representative where the regulatory conditions are satisfied, including an exercise of professional judgment that treating that person as the representative would not be in the individual's best interest.

Accordingly, please state expressly:

1. Whether PSG is relying upon § 164.502(g)(5)(i)(A)(1), § 164.502(g)(5)(i)(A)(2), or both;
2. Whether PSG made the professional-judgment determination required by § 164.502(g)(5)(i)(B);
3. Whether PSG contends that I am legally disqualified from acting as Michael's personal representative under Wisconsin law, federal law, a court order, or some combination of those authorities;
4. The specific Wisconsin statute, court order, or other authority PSG contends permits complete denial of my access despite Wis. Stat. § 767.41(7)(a); and
5. Whether PSG is instead treating the September 3 letter as a denial under 45 C.F.R. § 164.524.

That final distinction matters. If PSG is proceeding under § 164.524 and asserting a reviewable substantial-harm or safety determination, federal law provides a mechanism for review by a licensed health-care professional who did not participate in the original denial. A written denial under § 164.524 must also identify its basis, applicable review rights, and the procedure for complaining to the covered entity or the Secretary. 45 C.F.R. § 164.524(a)(3)-(4), (d)(2), (d)(4).

**To the extent PSG's denial is reviewable under § 164.524, please treat this correspondence as my formal request for that review.** If PSG contends that no review right exists because it is proceeding exclusively under § 164.502(g)(5), please state that position expressly.

The request was also broader than psychotherapy notes. I requested intake and referral materials, assessments, treatment plans, attendance and scheduling records, authorizations and consent forms, provider correspondence, referrals, discharge documentation, and other records maintained in Michael's file. Federal law separately excludes psychotherapy notes from the ordinary HIPAA access right, but that exception does not automatically convert an entire designated record set into psychotherapy notes. Where a lawful basis exists to deny only particular protected information, § 164.524(d)(1) requires access, to the extent possible, to the remaining requested information.

Accordingly, even if PSG maintains that a particular category is lawfully withheld, I request immediate production of all **segregable and non-exempt portions** of Michael's record.

I am not requesting that PSG disclose privileged communications between PSG and its attorneys, nor am I asking PSG to disclose confidential clinical reasoning beyond what the law requires. I am asking PSG and its counsel to identify the actual legal predicate for depriving a parent with existing court-ordered physical placement of access to his child's records.

PSG has also previously been placed on preservation notice. Please continue preserving the complete underlying record, including the initial referral and intake materials, authorizations, treatment records, correspondence, and records concerning the processing and disposition of my access request.

Because this issue has already been pending and PSG has now issued an express denial, please provide the requested clarification, review information, and all segregable records **no later than 5:00 p.m. on Friday, September 11, 2026.**

If PSG maintains its categorical refusal, please say so directly and identify the complete legal basis. I will then place the written denial and PSG's stated legal position before the circuit court and seek a specific order resolving access under Wis. Stat. § 767.41(7), together with any other appropriate judicial or administrative review.

I would prefer to resolve this without additional litigation. But an unexplained categorical refusal cannot remain the final answer where the operative family-court order grants physical placement and Wisconsin law expressly provides records access regardless of legal custody unless a statutory exception or specific court order applies.

**This correspondence will be uploaded into the family court docket, and also used in OCR/HHS Civil rights Complaint, US Supreme Court, and Federal Court litigation**

**Respectfully,**

**Mathiew Fox**
*'Lex Vinicit Tenebras'*
**M** 262-203-3109
**E** Mathiew.fox@gmail.com

On Tue, Sep 8, 2026 at 9:20 AM Leah Featherstone <LFeatherstone@psgcip.com> wrote:

> Hi Mathiew,
>
> Attached is a letter responding to your records request for Michael. Please note that we do not have any records for Eden.
>
> Thank you,
>
> Leah Featherstone, Psy.D.
>
> Clinical Psychologist
>
> Vice President of Clinical Operations
>
> Professional Services Group
>
> 262-652-2406

***Scan the code to schedule an appointment/make a referral***

**CONFIDENTIAL INFORMATION**
This transmission is intended only for the use of the named addressee(s) and may contain information that is privileged or exempt from disclosure under law. If you are not an addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please destroy all copies and notify us immediately by calling (262) 654-1004.

**From:** Mathiew Fox <mathiew.fox@gmail.com>
**Sent:** Monday, September 7, 2026 12:14 PM
**To:** dmurphy@reinhartlaw.com; jrejowski@reinhartlaw.com; shobbs@reinhartlaw.com; Mathiew Fox <mathiew.fox@gmail.com>; Leah Featherstone <LFeatherstone@psgcip.com>
**Subject:** Fwd: records request

Good Afternoon Counselors -

I have already followed up with Ms. Featherstone, and have not heard back.

I want to clarify one point - this is not a discovery request. I am requesting records through you because you represent Professional Services Group and because prior direct contact with Professional Servies Group personnel has been characterized as improper and "Harassing". This is documented in the criminal complaint Discovery that I currently have. I am attempting to avoid that issue entirely by routing the request through counsel.

There is no operative order prohibiting my access to the records requested. If PSG believes otherwise, please identify the specific order and operative language that restricts disclosure.

I have attached the prior record so there is no ambiguity about the history. In 2025, PSG was placed on preservation notice. Document 173 expressly identified the "Records Custodian, Professional Services Group" and the litigation-hold issue.

I do not want to initiate additional litigation merely to obtain records to which I maintain I am lawfully entitled, nor should my access to information necessary to exercise and protect my parental rights be impaired by continued delay.

Please provide the requested records, any routine authorization needed to release them, or the specific legal basis for withholding them by Friday, September 11, 2026.

If PSG does not intend to produce them, please state that directly so I can address the issue through the proper court process.

I have documented everything in this case, with date and time stamps. I just want this issue resolved.

(Attached are the filed court documents)

**Respectfully,**

**Mathiew Fox**
*'Lex Vinicit Tenebras'*
M 262-203-3109
E Mathiew.fox@gmail.com

---------- Forwarded message ---------
From: **Mathiew Fox** <mathiew.fox@gmail.com>
Date: Thu, Sep 3, 2026 at 8:10 AM
Subject: Re: records request
To: Leah Featherstone <LFeatherstone@psgcip.com>

Hi Dr. Featherstone,

Thank you for getting back to me and for your willingness to assist.

The children's information is:

[redacted]

[redacted]

To clarify the scope of my request, I am requesting the **complete records maintained by Professional Services Group concerning [redacted] and [redacted] from the initial referral/intake through the present**, rather than records from only a particular treatment date.

Specifically, I am requesting copies of:

- all referral and intake records;
- intake questionnaires, histories, assessments, evaluations, and screening materials;
- treatment plans and treatment recommendations;
- progress notes, psychotherapy/clinical notes to the extent releasable, and other provider notes;
- records reflecting appointments, attendance, cancellations, or scheduling;
- releases, authorizations, consent forms, and other documents signed or received in connection with their care;
- correspondence, referrals, reports, or records received from or provided to other professionals concerning the children;
- discharge, transfer, closing, or termination documentation, if any; and
- any other clinical or treatment records maintained as part of [redacted]s files.

I am particularly interested in preserving the **initial intake and referral materials**, including records generated or received before treatment actually began, so I do not want those materials inadvertently excluded by limiting the request to progress notes or a particular date range.

If there are categories of records that PSG maintains separately from the clinical chart, or records that you believe require a different authorization or procedure, please let me know and I will address that separately.

Electronic copies are perfectly fine.

Thank you again for your assistance.

***Respectfully,***

***Mathiew Fox***
***M** 262-203-3109*
***E** Mathiew.fox@gmail.com*
*'Lex Vinicit Tenebras'*

On Sep 2, 2026, at 5:46 PM, Leah Featherstone <LFeatherstone@psgcip.com> wrote:

Hi Mathiew,

I was forwarded your email to Reinhart Law office regarding a records request for your children, [redacted] and [redacted]. If you can, please provide me with each child's date of birth and let me know what records you're looking for. Would you like notes from a particular date range? Your email asks for "intake treatment and medical records" so just let me know more specifically what you'd like us to send, and I can start getting them together. Thanks,

Leah Featherstone, Psy.D.

Clinical Psychologist

Vice President of Clinical Operations

Professional Services Group

262-652-2406

***Scan the code to schedule an appointment/make a referral***

<image001.png>

**CONFIDENTIAL INFORMATION**
This transmission is intended only for the use of the named addressee(s) and may contain information that is privileged or exempt from disclosure under law. If you are not an addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please destroy all copies and notify us immediately by calling (262) 654-1004.

**CONFIDENTIAL INFORMATION**
This transmission is intended only for the use of the named addressee(s) and may contain information that is privileged or exempt from disclosure under law. If you are not an addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please destroy all copies and notify us immediately by calling (262) 654-1004.

**CONFIDENTIAL INFORMATION**
This transmission is intended only for the use of the named addressee(s) and may contain information that is privileged or exempt from disclosure under law. If you are not an addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please destroy all copies and notify us immediately by calling (262) 654-1004.

**CONFIDENTIAL INFORMATION**
This transmission is intended only for the use of the named addressee(s) and may contain information that is privileged or exempt from disclosure under law. If you are not an addressee(s), you are hereby notified that any use, dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please destroy all copies and notify us immediately by calling (262) 654-1004.

[redacted]



Case 2:26-cv-00797-BHL Filed 09/22/26 Page 23 of 68 Document 75-2

PROFESSIONAL SERVICES GROUP

Date: 9/3/26

To: Mathiew Fox

Re: Record Request for [redacted], [redacted]

Please be advised that your request to access or copy the mental health treatment records of the above-named minor child is denied.

Under federal privacy regulations (45 CFR 164.502(g)(5)) and Wisconsin state privacy protections, a healthcare provider may withhold records from a parent if there is a reasonable clinical or legal belief that granting access could endanger the minor or compromise their safety. Furthermore, access to a minor child's medical and treatment records is restricted if legal custody or physical placement rights have been modified by a court.

Our organization cannot release these records without an explicit, certified court order from a Wisconsin circuit order directing the release of these specific mental health treatment files to you.

Sincerely,

Leah Featherstone, Psy.D.
Vice President of Clinical Operations
Professional Services Group

# KENOSHA POLICE

**FIELD CASE REPORT**

CASE# 2025-00044898

**NARRATIVE**

On 9/2/2025 at approximately 2259 hours I, Ofc. Payne #766 in full KPD patrol uniform, in squad #4142, BWC/Squad camera active, responded to [redacted] for a Restraining Order Violation. The caller, [redacted] (VER, confirmed through booking photo) called into operations to report her ex-boyfriend Mathiew R. Fox (VER, confirmed through WI DOT) violated the protection order/injunction she has against him.

I made contact with [redacted] at her residence [redacted] Hollie wanted to report that Mathiew, her ex-boyfriend contacted her boss Lora Reinders. Hollie stated that she works at "PathwaysConsultingLLC". Lora is her supervisor at PathwaysConsulting.

It appears that Mathiew contacted Lora via email on Wednesday August 27th. The email from Mathiew stated that he was trying to follow up with Lora on his "requests" that he made since he had not heard back from Lora since August 5th. In the email log that Hollie provided me with the email stated that Mathiew requested information regarding his child. One of Mathiew's children is a client at PathwaysConsulting (where [redacted] works at). Hollie advised that she is not directly involved with any of Mathiew's child's medical records and/or information. She stated that she does not have any access to any of his child's medical history.

In the email Mathiew sent to Lora, [redacted] supervisor, he stated that he is requesting; Confirmation of a receipt, a statement affirming whether any part of that notice or its contents were disclosed and clarification of the internal protocols that PathwaysConsulting follows when handling legal notices. According to Mathiew, per the emails sent to Lora he has not lost "legal rights" to his child's medical information/history so he is requesting that Lora provide him with the information.

From the emails sent to Lora it appeared that Mathiew is requesting medical history/information regarding his child that's a client at PathwaysConsulting. Per the protection order/injunction that Hollie has against Mathiew it states that Mathiew is not allowed to have contact with [redacted] employers either.

No contact was made with Mathiew at this time. This is an informational report.

No further information to provide at this time.

End of Report

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Payne Jordan 766 | 9/2/2025 | Clayton, Trevor M.J. | 09/03/2025 |

# KENOSHA POLICE

## FIELD CASE SUPPLEMENT

CASE# 2025-00044898

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | |
|---|---|---|
| 09/04/2025 17:21 | | |
| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
| | | |

**OFFENSES**

| | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| 01 | 813.125(7) VIOLATION OF HARRASSMENT INJUNCTION OR ORDER | 1 | COMMITTED |
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) |
|---|---|
| Adult Other | REINDERS LORA SCHULTZ |

[redacted]

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | |
|---|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | |
| RACE | | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | |
|---|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | |
| RACE | | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 09/04/2025 | Kenesie, Jason D | 09/04/2025 |

KENOSHA POLICE

FIELD CASE SUPPLEMENT

CASE# 2025-00044898

## SUPPLEMENTAL NARRATIVE

On 09/04/2025 I, Det. Kenesie # 472 was assigned a harassment case.

**Case Summary**

On 09/04/2025 I, Det. Kenesie # 472 was assigned a harassment complaint. The complainant was [redacted] and the suspect was Mathiew Fox. [redacted] reported that Mathiew sent her boss, Lora Reinders, an email in regards to Mathiew attempting to harass [redacted] provided a copy of the emails to P.O. Payne # 766.

**Detective Investigation**

It should be noted that there have been several complaints that [redacted] has made in reference to Mathiew Fox harassing her since in 2025. The complaints are listed below;

- 2025-00014342. 03/30/2025. The case was referred to the District Attorney's office
- 2025-00025598. 05/30/2025. The case was closed with insufficient evidence
- 2025-00038452. 07/30/2025. The case was referred to the District Attorney's office
- 2025-00040025. 08/07/2025. The case was referred to the District Attorney's office

It should also be noted that on 07/14/2025 Mathiew Fox also filed a child abuse / child neglect case against [redacted] The case number was 2025-00035176. That case was closed with without any charges.

On 08/28/2025 I received a voicemail from Lora Reinders indicating that she had received some additional emails from Mathiew Fox. I called Lora back and left her a message indicating that she could forward the messages to me, provided there was no face to face contact or phone contact with Mathiew. On 09/01/2025 I received the emails that Mathiew had sent. I did not have the opportunity to review those messages on 09/01/2025.

On 09/02/2025 [redacted] made the additional complaint and provided P.O. Payne with the same messages. I reviewed the messages and they appear to be the same. The messages that Lora provided me were in color and appear easier to read, so I included them in the report.

Case Disposition

On 09/04/2025 I spoke with Kenosha ADA Tricia Riley about the additional complaint and advised her that I will be forwarding an additional complaint against Mathiew. I am recommending that Mathiew be charged with the following;

- Violation of a Harassment Injunction – 812.125(7)

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 09/04/2025 | Kenesie, Jason D | 09/04/2025 |

**SUPPLEMENTAL NARRATIVE (continuation)**

Case Closed - REF

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 09/04/2025 | Kenesie, Jason D | 09/04/2025 |

2025-00044898



Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

**request**

**Lora Reinders** <lreinders@pathwaysconsultingllc.com>
To: Matt Fox <mathiew.fox@gmail.com>

Thu, Aug 28, 2025 at 4:38 PM

Hi Mathiew,

I am not going to be providing you with any information and you do not have any right to expect confidentiality regarding any correspondence you send to me. You are not a client of our agency, therefore, you should have no expectation of privacy or confidentiality. Any idea of "pending litigation" also confers no right of confidentiality. It is further my understanding that you are not supposed to be contacting Pathways Consulting. I am asking you at this time to no longer contact me for any reason.

[Quoted text hidden]

2025-00044898

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## request

Matt Fox <mathiew.fox@gmail.com> Wed, Aug 27, 2025 at 2:44 PM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Lora-
I'm following up on this request as I have not heard back from you since August 5th.

Respectfully,
Mathiew Fox
Cell: 262-203-3109
Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

On Aug 5, 2025, at 12:37 PM, Matt Fox <mathiew.fox@gmail.com> wrote:

[Quoted text hidden]

Gmail Lora Reinders <lreinders@pathwaysconsultingllc.com>

**request**

**Mathiew Fox** <mathiew.fox@gmail.com> Mon, Sep 1, 2025 at 1:53 AM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Dear Ms. Reinders,

I am in receipt of your email dated August 28, 2025. While I respect your position, the assertions in your message are legally incorrect and reflect improper handling of a lawful litigation preservation notice. I must respond to clarify my rights and your organization's obligations.

**1. Parental Status**

My parental rights have **not** been terminated under Wisconsin law. I remain a legal and biological parent of [Child 1: [redacted] and [Child 2 [redacted] Custody and placement are matters currently before the Kenosha County Circuit Court; they do not eliminate my status or rights as a parent until and unless terminated under **Wis. Stat. § 48.415**.

**2. Right and Duty to Issue Litigation Hold**

As a party in ongoing litigation involving my children's care and treatment, I have both the **right and obligation** to request preservation of records from service providers such as Pathways.

- The Wisconsin Court of Appeals has made clear that the **duty to preserve evidence arises when litigation is pending or reasonably foreseeable**, even before discovery requests are formally issued. *Insurance Co. of N. Am. v. Cease Elec. Inc.*, 2004 WI App 15, ¶14, 269 Wis. 2d 286, 674 N.W.2d 886.
- Likewise, destruction or failure to preserve evidence can result in sanctions regardless of intent. *State v. Beloit Concrete Stone Co.*, 103 Wis. 2d 506, 309 N.W.2d 28 (Ct. App. 1981).
- Federal courts, which Wisconsin courts routinely find persuasive, hold the same: *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (litigation hold is required once litigation is anticipated).

Therefore, my notice to Pathways was not a "client request" — it was a lawful preservation demand in compliance with my duties as a litigant.

**3. Improper Handling by Pathways**

Your decision to treat my legal notice as personal correspondence, rather than a compliance matter, and to direct a hostile response, constitutes:

- **Interference with litigation and potential spoliation risk**;
- **HIPAA violation** if my notice was improperly routed to third parties, such as Ms. Hollie White; and
- **Gatekeeping interference** with my ongoing parental rights and access to a fair judicial process.

***4. Continuing Obligations***

To be clear:

- I am not requesting therapy services.
- I am not seeking treatment decisions.



Case 2:26-cv-00797-BHL Filed 09/22/26 Page 31 of 68 Document 75-2

2025-00044898



- I am exercising my duty to preserve relevant records for ongoing litigation.

Until a court orders otherwise, Pathways remains obligated under both **state and federal law** to preserve all records identified in my notice. Refusal to do so may expose the organization to court sanctions or liability.

**5. Record Notice**

This correspondence will be **uploaded into the family court matter** currently pending in Kenosha County, and it also serves as **supporting evidence in my HIPAA violation case recently filed**.

**6. Unanswered Prior Request – Litigation Hold Protocols**

On August 5, 2025 previously requested clarification of Pathways' **internal procedures for handling litigation hold notices**. That request has gone unanswered. I am now reiterating this request and attaching the original email chain for reference.

Accordingly, I again request in writing:

1. **Confirmation of receipt** of my original preservation notice;
2. **A statement affirming** whether any part of that notice or its contents were disclosed—verbally or in writing—to any individual not authorized to receive such information;
3. **Clarification of the internal protocols** Pathways follows when handling legal notices of this nature, particularly those involving potential litigation.

Your failure to provide this information to date, coupled with the hostile and dismissive response I received instead, raises serious concerns as to whether Pathways has properly discharged its obligations under both **HIPAA** and applicable **litigation preservation law**.

**Conclusion**

I request written confirmation within ten (10) days that Pathways will preserve all records related to my children and the individuals named in my original notice, consistent with your obligations. If this is not confirmed, I will be forced to seek judicial remedies, including sanctions and HIPAA enforcement review.

As you are aware, Ms. Hollie White's name has been introduced into the **public record** in connection with this litigation (including billing records and affidavits already filed with the court). For this reason, your handling of my preservation notice carries heightened legal significance, and any improper disclosure could constitute both a HIPAA violation and interference with pending proceedings.

Respectfully

[illegible]

C: 262-203-3109
E: Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

[Quoted text hidden]

**Pathways Exchange - 9.1.2025 - Lora Reinders.pdf**
340K

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## request

**Matt Fox** <mathiew.fox@gmail.com> Wed, Aug 27, 2025 at 2:44 PM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Lora-
I'm following up on this request as I have not heard back from you since August 5th.

Respectfully,
Mathiew Fox
Cell: 262-203-3109
Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

On Aug 5, 2025, at 12:37 PM, Matt Fox <mathiew.fox@gmail.com> wrote:

[Quoted text hidden]


Case 2:26-cv-00797-BHL Filed 09/22/26 Page 33 of 68 Document 75-2

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

# request

**Lora Reinders** <lreinders@pathwaysconsultingllc.com> Thu, Aug 28, 2025 at 1:30 PM
To: Matt Fox <mathiew.fox@gmail.com>

What exactly are you requesting from me?

On Aug 27, 2025, at 2:45 PM, Matt Fox <mathiew.fox@gmail.com> wrote:

Lora-
[Quoted text hidden]

- I am exercising my duty to preserve relevant records for ongoing litigation.

Until a court orders otherwise, Pathways remains obligated under both **state and federal law** to preserve all records identified in my notice. Refusal to do so may expose the organization to court sanctions or liability.

**5. Record Notice**

This correspondence will be **uploaded into the family court matter** currently pending in Kenosha County, and it also serves as **supporting evidence in my HIPAA violation case recently filed.**

**6. Unanswered Prior Request – Litigation Hold Protocols**

On August 5, 2025 previously requested clarification of Pathways' **internal procedures for handling litigation hold notices**. That request has gone unanswered. I am now reiterating this request and attaching the original email chain for reference.

Accordingly, I again request in writing:

1. **Confirmation of receipt** of my original preservation notice;
2. **A statement affirming** whether any part of that notice or its contents were disclosed—verbally or in writing—to any individual not authorized to receive such information;
3. **Clarification of the internal protocols** Pathways follows when handling legal notices of this nature, particularly those involving potential litigation.

Your failure to provide this information to date, coupled with the hostile and dismissive response I received instead, raises serious concerns as to whether Pathways has properly discharged its obligations under both **HIPAA** and applicable **litigation preservation law**.

**Conclusion**

I request written confirmation within ten (10) days that Pathways will preserve all records related to my children and the individuals named in my original notice, consistent with your obligations. If this is not confirmed, I will be forced to seek judicial remedies, including sanctions and HIPAA enforcement review.

As you are aware, [redacted] name has been introduced into the **public record** in connection with this litigation (including billing records and affidavits already filed with the court). For this reason, your handling of my preservation notice carries heightened legal significance, and any improper disclosure could constitute both a HIPAA violation and interference with pending proceedings.

Respectfully,
Mathiew Fox
C: 262-203-3109
E: Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

[Quoted text hidden]

Pathways Exchange - 9.1.2025 - Lora Reinders.pdf
340K


Case 2:26-cv-00797-BHL Filed 09/22/26 Page 35 of 68 Document 75-2

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

# request

Lora Reinders <lreinders@pathwaysconsultingllc.com> Thu, Aug 28, 2025 at 4:38 PM
To: Matt Fox <mathiew.fox@gmail.com>

Hi Mathiew,

I am not going to be providing you with any information and you do not have any right to expect confidentiality regarding any correspondence you send to me. You are not a client of our agency, therefore, you should have no expectation of privacy or confidentiality. Any idea of "pending litigation" also confers no right of confidentiality. It is further my understanding that you are not supposed to be contacting Pathways Consulting. I am asking you at this time to no longer contact me for any reason.

[Quoted text hidden]



Case 2:25-cv-00797-BHL Filed 09/22/25 Page 36 of 68 Document 75-2

Gmail **Lora Reinders <lreinders@pathwaysconsultingllc.com>**

## request

**Mathiew Fox** <mathiew.fox@gmail.com> Mon, Sep 1, 2025 at 1:53 AM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Dear Ms. Reinders,

I am in receipt of your email dated August 28, 2025. While I respect your position, the assertions in your message are legally incorrect and reflect improper handling of a lawful litigation preservation notice. I must respond to clarify my rights and your organization's obligations.

**1. Parental Status**

My parental rights have **not** been terminated under Wisconsin law. I remain a legal and biological parent of [redacted] Custody and placement are matters currently before the Kenosha County Circuit Court; they do not eliminate my status or rights as a parent until and unless terminated under **Wis. Stat. § 48.415**.

**2. Right and Duty to Issue Litigation Hold**

As a party in ongoing litigation involving my children's care and treatment, I have both the **right and obligation** to request preservation of records from service providers such as Pathways.

- The Wisconsin Court of Appeals has made clear that the **duty to preserve evidence arises when litigation is pending or reasonably foreseeable**, even before discovery requests are formally issued. *Insurance Co. of N. Am. v. Cease Elec. Inc.*, 2004 WI App 15, ¶14, 269 Wis. 2d 286, 674 N.W.2d 886.
- Likewise, destruction or failure to preserve evidence can result in sanctions regardless of intent. *State v. Beloit Concrete Stone Co.*, 103 Wis. 2d 506, 309 N.W.2d 28 (Ct. App. 1981).
- Federal courts, which Wisconsin courts routinely find persuasive, hold the same: *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (litigation hold is required once litigation is anticipated).

Therefore, my notice to Pathways was not a "client request" — it was a lawful preservation demand in compliance with my duties as a litigant.

**3. Improper Handling by Pathways**

Your decision to treat my legal notice as personal correspondence, rather than a compliance matter, and to direct a hostile response, constitutes:

- **Interference with litigation and potential spoliation risk;**
- **HIPAA violation** if my notice was improperly routed to third parties, such as Ms. Hollie White; and
- **Gatekeeping interference** with my ongoing parental rights and access to a fair judicial process.

**4. Continuing Obligations**

To be clear:

- I am not requesting therapy services.
- I am not seeking treatment decisions.

Gmail Lora Reinders <lreinders@pathwaysconsultingllc.com>

## request

**Matt Fox** <mathiew.fox@gmail.com> Thu, Aug 28, 2025 at 1:59 PM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

To ensure full transparency and to evaluate whether further legal steps are warranted, I respectfully request the following:

1. Confirmation of receipt of the original preservation notice;
2. A statement affirming whether any part of that notice or its contents were disclosed—verbally or in writing—to any individual not authorized to receive such information;
3. Clarification of the internal protocols your organization follows when handling legal notices of this nature, particularly those involving potential litigation.

Given the proximity in timing between the notice and the external actions that followed, it is essential to understand whether internal handling procedures were followed correctly and whether any inadvertent breach of confidentiality occurred.

Respectfully,
Mathiew Fox
Cell: 262-203-3109
Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

On Aug 28, 2025, at 1:30 PM, Lora Reinders <lreinders@pathwaysconsultingllc.com> wrote:

What exactly are you requesting from me?
[Quoted text hidden]

KENOSHA POLICE

FIELD CASE REPORT

CASE# 2025-00038452

## NARRATIVE

On July 30, 2025 at approx. 2005 hours I, PO Keaskowski #759 dressed in full Kenosha Police Department (KPD) uniform while on patrol in fully marked KPD squad #4070. I responded to 916 49th St for a Restraining Order Violation. Body Worn Camera was active with full visual and audio.

Upon arrival, contact was made with [redacted] who advised that Mathiew R Fox ([redacted] violated a court ordered injunction. White provided me with the harassment injunction through Kenosha County (22CV134) which states it shall be effective until 2/21/2026.

[redacted] provided me with a physical copy of a email submission from Fox on July 28, 2025 at approx. 1949 hours. In the email it was a request from Fox to both White's places of employment at Pathways Consulting in regards to involvement with [redacted] and her affiliation with Pathways and the access involving his children.

It should be noted that [redacted] advised Fox also emailed her secondary employment at Professional Services Group (PSG) with the same information.

[redacted] advised that both places of employment have notified Fox in writing that White does not, has not, and never will have access to his children's files due to the conflict of interest. [redacted] stated this has been documented prior.

[redacted] stated that she felt Fox submitted these as an attempt to harass her at her work place knowing it would reach her. White advised that Fox has made complaints to the Department of Safety and Professional Services (DSPS) in regards to her practices, and felt the emails were a tactic of intimidation that she could lose her license through the state.

The copy of the email from White was later logged into the LERMS evidence system and entered into evidence locker #007.

[redacted]

-12/19/22 (2022-00063388)

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Keaskowski November 759 | 7/30/2025 | Strelow, Matthew E | 07/31/2025 |

NARRATIVE (continuation)

-3/15/23 (2023-00012455)
-2/8/24 (2024-00005869)
-3/30/25 (2025-00014342)
-5/30/25 (2025-00025598)

While speaking with [redacted] she was visibly upset by the incident and advised that this has been an on going battle for the last three years. White made a comment during our conversation that she felt Fox would go to the length of taking her life, and that she is severely fearful for her safety.

Contact was made with the ADA Dan Tombasco in regards to the situation. While speaking further with ADA Tombasco it was established that due to Fox's continued pattern of behavior towards [redacted] the fact the email submission is directed towards [redacted] and how the injunction reads that there would in fact be probable cause to arrest Fox.

It should be noted that the injunction order in question reads as follows, "the respondent avoid contact that harasses or intimidates the petitioner. Contact includes: contact at the petitioner's home, work, school, public places, in person, by phone, in writing, by electronic communication or device, or in any the manner."

[redacted]

If contact is made with Fox he should be arrested on the following charge:
-Violate of Harassment Injunction or Order per WI SS 813.125(7)

Please see all other prior cases for more information.

This ends my involvement.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Keaskowski November 759 | 7/30/2025 | Strelow, Matthew E | 07/31/2025 |

# KENOSHA POLICE

**FIELD CASE SUPPLEMENT**

CASE# **2025-00038452**

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | |
|---|---|---|
| 07/31/2025 19:26 | | |
| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
| | | |

**OFFENSES**

| | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Keaskowski November 759 | 07/31/2025 | Hagen, Matthew Tyrell | 07/31/2025 |

# KENOSHA POLICE

**FIELD CASE SUPPLEMENT**

CASE# **2025-00038452**

**SUPPLEMENTAL NARRATIVE**

On July 31, 2025 at approx. 1628 hours I, PO Keaskowski #759 dressed in full Kenosha Police Department (KPD) uniform while on patrol in fully marked KPD squad #3379. I conducted follow up in regards to the above case. Body Worn Camera was active with full visual and audio.

I was advised that Mathiew R Fox ([redacted] contacted KPD in regards to POs at his residence on the evening of 7/30/25. It should be noted that I was a responding PO to his residence as I was conducting an investigation on a complaint made against Fox.

Contact was made with Fox via telephone [redacted] in which I advised that I was conducting follow up and requested to speak with him in person. Fox demanded he were to know what complaint was made against him, and felt if I met with him it would put him in an adverse situation. I advised Fox several times that I was looking to speak further on the situation in regards to his perspective and intention. Fox made at utterance that he believes he knew this was for a restraining order violation but that it also runs into issues with HIPAA. Ultimately Fox stated that he wanted to speak with his lawyer before deciding if he would meet with me.

A little while later Fox made contact with me and advised that he was not going to be meeting with me at this time.

It should be noted that Fox was not super forthcoming with information, used heavy law jargon, and advised that he has already contacted the DAs office in regards to the situation.

This ends my involvement.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| **Keaskowski November 759** | **07/31/2025** | **Hagen, Matthew Tyrell** | **07/31/2025** |

# KENOSHA POLICE

**FIELD CASE SUPPLEMENT**

CASE# **2025-00038452**

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | |
|---|---|---|
| 07/31/2025 20:15 | | |
| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
| | | |

**OFFENSES**

| | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 07/31/2025 | Miller, Brian D | 07/31/2025 |

**KENOSHA POLICE**

**FIELD CASE SUPPLEMENT**

CASE# **2025-00038452**

**SUPPLEMENTAL NARRATIVE**

On 07/31/2025 I, Detective Kenesie # 472 was assigned an TRO Violation complaint.

**Case Summary**

On 07/30/2025 P.O. Keaskowski # 759 responded to 916 49th St for a restraining order violation. Upon arrival she spoke with the victim, [redacted] provided a email that was sent to White's places of employment from Matthew Fox. P.O. Keaskowski confirmed that there was an active harassment injunction that prevents Matthew Fox from contacting her.

P.O. Keaskowski confirmed with Kenosha County ADA Tombasco that there was probable cause to support an arrest of Matthew. P.O. Keaskowski attempted to make contact with Matthew Fox at [redacted] but was not able to.

On 07/31/2025 P.O. Keaskowski made phone contact with Matthew Fox, but he refused to meet with her.

**Detective Investigation**

I reviewed all reports in this incident. I made phone contact with [redacted] and I answered all questions that she had.

**Case Disposition**

I am requesting that a warrant be issued for Matthew Fox for the following charge;

- Violate of Harassment Injunction – 813.125(7)

**Case Closed - REF**

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 07/31/2025 | Miller, Brian D | 07/31/2025 |

2025-00038452

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## New submission from Contact Us | Mathiew Fox

1 message

**Pathway's Website** <noreply@pathwaysconsultingllc.com>
To: info@pathwaysconsultingllc.com, anarens@pathwaysconsultingllc.com

Mon, Jul 28, 2025 at 7:49 PM

**FULL NAME**

Mathiew Fox

**EMAIL ADDRESS**

mathiew.fox@gmail.com

**PHONE NUMBER**

262-203-3109

**MESSAGE**

DATE: 7/28/2025
SUBJECT: Preservation Notice – Legal Hold Regarding Therapy Records
TO:
Director of Records and Compliance – Pathways Consulting & PSG
RE: Pending Legal Matter – Therapy Involvement Concerning Minors in Family Case No. 2021FA000047 (Kenosha County)
This letter is to inform you that I, Mathiew R. Fox, am actively preparing civil and federal legal filings regarding multiple violations that intersect with your organization, namely the alleged involvement of Hollie Elizabeth White—a former party affiliated with Pathways—and therapy-related information and access involving my children.
Pursuant to your obligations under federal law and HIPAA retention rules, you are instructed to preserve the following immediately:
• All therapy session records, summaries, and logs involving [Child 1: [redacted] nd [Child 2 [redacted]
• Any and all notes, messages, emails, or records referencing:
o Hollie Elizabeth White
o Stephanie McIntosh (Guardian ad Litem)
o Sarah A. Fox
o Thomas Anderson, Law Offices
o Mary Losey – Attorney
• Internal emails, logs, or communications related to GAL contact or therapist input into family court
• Access records to all confidential files or case notes (whether authorized or not)
Please be advised this notice constitutes a litigation hold, and destruction or alteration of any records may constitute obstruction of justice, evidence tampering, or HIPAA violation exposure.
Kindly confirm in writing that all data and records described above are preserved. You will be contacted by legal counsel or the court for further instructions.
Sincerely,
Mathiew R. Fox
2726 83rd Street, Kenosha, WI 53143
mathiew.fox@gmail.com | 262-203-3109

# KENOSHA POLICE

**FIELD CASE REPORT**

CASE# **2025-00040025**

**NARRATIVE**

On 08-07-2025 at approximately 2038 hours, I, Officer Clark 740, was dispatched to [redacted] for a restraining order violation.

Upon arrival, I spoke with the complainant, [redacted] (VER). Hollie stated she has a harassment injunction against Mathiew R. Fox (VER). [redacted] showed me the harassment injunction through Kenosha County case number 2022CV134, which states active until 2/21/2026. After searching Mathiew's name through NCIC, it showed an active protection order injunction through Kenosha County ORI# WI030013J.

[redacted] advised that Mathiew has been contacting her employer, Pathways Consulting, at 4633 Washington Rd in the City of Kenosha through email starting on 07-28-2025. [redacted] provided me with copies of the emails. [redacted] advised that her employer gave her the copies of the emails and notified her. It appeared in the emails Lora Reinders responded to Mathiew on July 30, 2025, and July 31, 2025. In the emails, Mathiew seems to be inquiring about receiving medical documentation regarding his children. Mathiew then sent another follow-up email to Lora on 08-05-2025 regarding a "legal notice of preservation issued to Pathways Consulting." Mathiew was arrested under case number 2025-00038452 regarding the same incident.

[redacted] stated that Mathiew made complaints to the Department of Safety and Professional Services (DSPS) in an attempt to tarnish her character and for her to lose her license through the state. [redacted] stated this is an ongoing incident and believes that Mathiew is unhinged. While I was talking with [redacted], she started crying and said that she is in fear for her safety.

There was no contact or arrest made at this time for Mathiew. There was nothing else further to report at this time. End of report.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| **Clark Marcus 740** | **8/7/2025** | **Galley, Jeffrey D** | **08/07/2025** |

KENOSHA POLICE

FIELD CASE SUPPLEMENT

CASE# 2025-00040025

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | |
|---|---|---|
| 08/08/2025 17:24 | | |
| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
| | | |

**OFFENSES**

| | STATUTE DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE, SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE, SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE, SUFFIX) | | | |
|---|---|---|---|---|---|
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 08/08/2025 | Barriere, Anthony K | 08/08/2025 |

## SUPPLEMENTAL NARRATIVE

On 08/08/2025 I, Detective Kenesie # 472 was assigned a possible restraining order violation.

**Case Summary**

On 08/07/2025 P.O. Clark # 740 took a complaint from the victim, [redacted] reported that she has an harassment injunction against Mathiew R. Fox, [redacted] reported that on 07/28/2025 Mathiew sent her employer, Pathway's Consulting an email.

[redacted] reported that on her employer, Lora Reinders responded on 07/30/2025. [redacted] reported that Mathiew responded on 07/30/2025 and that Lora again responded to that email on 07/31/2025. [redacted] reported that Mathiew again responded on 07/31/2025 and 08/05/2025. [redacted] provided the copies of the email.

**Detective Investigation**

I reviewed the emails that were provided. The context of the emails are Mathiew requesting Pathway's Consulting requesting to preserve records because of a pending lawsuit. It should be noted that in an email that Mathiew talks about a third party that was associated with the business, has injected her into the matter. The following is posted from the email.

"Ms. Reinders. 2025-00040025 Lora Reinders Thu, Jul 31, 2025 at 11:36 AM I want to clarify that I am not requesting any confidential mental health records at this time. Rather, I am notifying you of ongoing child custody litigation in which I am the Respondent, and where a third party- believed to be associated with your facility-has injected herself into the matter in a way that has directly impacted the proceedings.

This individual is not a legal guardian of my children but has made representations, either directly or indirectly, involving my children's mental health and treatment. Based on statements made in court, information from your elinic may have been cited or mischaracterized, which could become relevant in future motions. "

I also reviewed the original restraining order 2022CV000134. The order states the following:

"The respondent avoid contact that harasses or intimidates the petitioner. Contact includes: contact at petitioner's home, work, school, public places, in person, by phone, in writing, by electronic communication or device, or in any manner"

**Phone Contact with [redacted]**

I called and I spoke with [redacted] about the email that was sent. [redacted] indicated to me that she is the "Third-Party" that Mathiew was referring to. [redacted] told me that Mathiew is harassing her by contacting

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 08/08/2025 | Barriere, Anthony K | 08/08/2025 |

**SUPPLEMENTAL NARRATIVE (continuation)**

her place of work, about her actions.

I also called Lora Reinders from Pathway's Consulting. There was no answer. I left Lora a voice mail to call me back. As of the submission of this report. Lora has not called me back.

**Case Disposition**

I have not had contact with Mathiew Fox. I am sending this report over to the Kenosha County DA's office for review on a charge of violating a restraining order – 813.125(7)

**Case Closed - REF**

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 08/08/2025 | Barriere, Anthony K | 08/08/2025 |

# KENOSHA POLICE

## FIELD CASE SUPPLEMENT

CASE# **2025-00040025**

**EVENT**

| REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | |
|---|---|---|
| 08/08/2025 19:55 | | |
| OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE |
| | | |

**OFFENSES**

| | STATUTE/DESCRIPTION | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) |
|---|---|
| Adult<br>Other | REINDERS LORA SCHULTZ |

[redacted]

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| | | | | | |
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| | | | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| | | | | | |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |
| | | | | | |

**SUBJECT**

| JACKET/SUBJECT TYPE | | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | |
|---|---|---|---|---|---|
| | | | | | |
| DOB | AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | |
| | | | | | |
| RACE | SEX | HEIGHT or RANGE | WEIGHT or RANGE | HAIR | EYE |
| | | | | | |
| IDENTIFICATION TYPE | PRIMARY PHONE | PHONE #2 | PHONE #3 | | |
| | | | | | |

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 08/08/2025 | Lemanczyk, Thomas A | 08/08/2025 |

KENOSHA POLICE

FIELD CASE SUPPLEMENT

CASE# 2025-00040025

SUPPLEMENTAL NARRATIVE

This is a follow – up to this incident. On 08/08/2025 at 1948 hours I, Det. Kenesie # 472 was able to speak with Lora Reinders about that email transaction between Mathiew Fox and herself. Lora told me that she believed that Mathiew was talking about [redacted] in the email, when he refers to the third – party that interjected themselves.

This concludes the follow up report.

| REPORTING OFFICER | DATE | REVIEWED BY | |
|---|---|---|---|
| Kenesie Jason 472 | 08/08/2025 | Lemanczyk, Thomas A | 08/08/2025 |

2025-00040025

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## New submission from Contact Us | Mathiew Fox

1 message

**Pathway's Website** <noreply@pathwaysconsultingllc.com> Mon, Jul 28, 2025 at 7:49 PM
To: info@pathwaysconsultingllc.com, anarens@pathwaysconsultingllc.com

**FULL NAME**

Mathiew Fox

**EMAIL ADDRESS**

mathiew.fox@gmail.com

**PHONE NUMBER**

262-203-3109

**MESSAGE**

DATE: 7/28/2025
SUBJECT: Preservation Notice – Legal Hold Regarding Therapy Records
TO:
Director of Records and Compliance – Pathways Consulting & PSG
RE: Pending Legal Matter – Therapy Involvement Concerning Minors in Family Case No. 2021FA000047 (Kenosha County)
This letter is to inform you that I, Mathiew R. Fox, am actively preparing civil and federal legal filings regarding multiple violations that intersect with your organization, namely the alleged involvement of Hollie Elizabeth White—a former party affiliated with Pathways—and therapy-related information and access involving my children.
Pursuant to your obligations under federal law and HIPAA retention rules, you are instructed to preserve the following immediately:
• All therapy session records, summaries, and logs involving [Child 1: Eden Fox, DOB: May 30, 2017] and [Child 2: Michael Fox, DOB: April 2, 2020]
• Any and all notes, messages, emails, or records referencing:
o Hollie Elizabeth White
o Stephanie McIntosh (Guardian ad Litem)
o Sarah A. Fox
o Thomas Anderson, Law Offices
o Mary Losey – Attorney
• Internal emails, logs, or communications related to GAL contact or therapist input into family court
• Access records to all confidential files or case notes (whether authorized or not)
Please be advised this notice constitutes a litigation hold, and destruction or alteration of any records may constitute obstruction of justice, evidence tampering, or HIPAA violation exposure.
Kindly confirm in writing that all data and records described above are preserved. You will be contacted by legal counsel or the court for further instructions.
Sincerely,
Mathiew R. Fox
2726 83rd Street, Kenosha, WI 53143
mathiew.fox@gmail.com | 262-203-3109

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

# reply regarding preserving records

**Lora Reinders** <lreinders@pathwaysconsultingllc.com> Wed, Jul 30, 2025 at 5:40 PM
To: mathiew.fox@gmail.com

Hello,

Our practice follows all Wisconsin laws regarding preserving client records. Minor records are maintained for 7 years past the age of 18.

--

Lora Reinders, LCSW
Psychotherapist and Clinic Director

*Pathways Consulting*
*4633 Washington Rd, Kenosha*
*262-[illegible]-7222*

2025 - 00040025

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## reply regarding preserving records

**Mathiew Fox** <mathiew.fox@gmail.com>
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Wed, Jul 30, 2025 at 6:09 PM

Lora -

Thank you for your response. For clarity, can you confirm whether any notes, reports, or correspondence related to Eden Fox 05/30/2017 & Michael Fox 04/02/2020 are still in your possession or preserved under this policy? Additionally, please confirm the specific date range of any records that fall within the 7-year retention window based on the client's date of birth. I am requesting this information for legal and evidentiary preservation purposes.

Respectfully,
Mathew Fox
C: 262-203-3109
E: Mathew.fox@gmail.com

*The information contained herein is privileged and or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

[Quoted text hidden]

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

## request

**Lora Reinders** <lreinders@pathwaysconsultingllc.com>
To: mathiew.fox@gmail.com

Thu, Jul 31, 2025 at 9:29 AM

Hello,

Can you please let me know what right you hold regarding the information you are requesting. All mental health records are protected by very strict confidentiality laws. I need to know your legal standing regarding obtaining any information before looking into the existence of any records any further.

--
Lora Reinders, LCSW
Psychotherapist and Clinic Director

*Pathways Consulting*
*4633 Washington Rd. Kenosha*
*[illegible]*

2025-00040025

Gmail

Lora Reinders <lreinders@pathwaysconsultingllc.com>

**request**

**Mathiew Fox** <mathiew.fox@gmail.com> Thu, Jul 31, 2025 at 11:36 AM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Ms. Reinders,

I want to clarify that I am not requesting any confidential mental health records at this time. Rather, I am notifying you of ongoing child custody litigation in which I am the Respondent, and where a third party—believed to be associated with your facility—has injected herself into the matter in a way that has directly impacted the proceedings.

This individual is not a legal guardian of my children but has made representations, either directly or indirectly, involving my children's mental health and treatment. Based on statements made in court, information from your clinic may have been cited or mischaracterized, which could become relevant in future motions.

Accordingly, I am formally requesting that your facility preserve all records, internal communications, diagnoses, case notes, and any documentation referencing my children or this third party's involvement. Do not delete, modify, or alter any materials, as they may become part of a legal discovery process.

This is a preservation notice only, not a request for access. If needed, I will proceed through the appropriate legal channels, including subpoenas and protective orders, in compliance with HIPAA and Wisconsin law.

Thank you for your cooperation. Please contact me if you require clarification.

Respectfully,
Mathiew Fox
Cell: 262-203-3109
Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

On Jul 31, 2025, at 9:29 AM, Lora Reinders <lreinders@pathwaysconsultingllc.com> wrote:

[Quoted text hidden]

Gmail Lora Reinders <lreinders@pathwaysconsultingllc.com>

**request**

**Matt Fox** <mathiew.fox@gmail.com> Tue, Aug 5, 2025 at 12:37 PM
To: Lora Reinders <lreinders@pathwaysconsultingllc.com>

Subject: Follow-Up: Legal Notice of Preservation – Confidentiality Concerns

Dear Lora-

I am writing to follow up on a prior legal notice of preservation issued to your organization. That communication was intended solely for internal administrative and legal compliance purposes, with the expectation that it would remain strictly confidential in accordance with standard practices surrounding anticipated legal proceedings.

It has come to my attention that, shortly following the issuance of this notice, actions were taken by individuals outside your organization that suggest the possibility that the contents—or the mere existence—of the legal notice may have been disclosed or otherwise made known to parties it was not intended for. As you are aware, such notices are protected under legal doctrine and are not to be disseminated to any external or named parties without explicit legal authority.

To ensure full transparency and to evaluate whether further legal steps are warranted, I respectfully request the following:

1. Confirmation of receipt of the original preservation notice;
2. A statement affirming whether any part of that notice or its contents were disclosed—verbally or in writing—to any individual not authorized to receive such information;
3. Clarification of the internal protocols your organization follows when handling legal notices of this nature, particularly those involving potential litigation.

2025-00040025

Given the proximity in timing between the notice and the external actions that followed, it is essential to understand whether internal handling procedures were followed correctly and whether any inadvertent breach of confidentiality occurred.

Please respond in writing within five (5) business days. This correspondence is being preserved as part of a formal legal record and may be included in discovery, should that process become necessary.

Thank you for your timely cooperation.

Respectfully,
Mathiew Fox
Cell 262-203-3109
Mathiew.fox@gmail.com

*The information contained herein is privileged and/or confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Mathiew Fox of the same by replying to this email and purge the communication immediately without making any copy or distribution thereof.*

On Jul 31, 2025, at 11:36 AM, Mathiew Fox <mathiew.fox@gmail.com> wrote:

[Quoted text hidden]

2 of 2

Pending In 2026AP575

# State of Wisconsin
# Court of Appeals
# District II

*Appeal No. 2026AP000575*
*Circuit Court Case No. 2026CV000107*

---

**PETITIONER,**
Petitioner-Respondent,

v.

**MATHIEW RAE FOX,**
Respondent-Appellant.

---

**RESPONDENT-APPELLANT'S SUPPLEMENTAL AND RENEWED MOTION FOR RELIEF PENDING APPEAL FOLLOWING SEPTEMBER 11, 2026 CIRCUIT-COURT RULING**

---

Respondent-Appellant Mathiew Rae Fox, pro se, respectfully renews and supplements his August 10, 2026 motion for relief pending appeal under Wis. Stat. §§ 808.07(2)(a), 808.075(1), and Wis. Stat. Rule 809.12.

This motion does not repeat the eighteen-page August 10 filing. It incorporates that motion's Rule 809.12 analysis, *Waity* factors, record citations, and proposed limited-relief language, and supplements them with one material development:

**The circuit-court proceeding to which this Court deferred on August 12 has now occurred. The circuit court denied relief, left the March 4**

**injunction unchanged, declared its ruling final for purposes of appeal, and expressly directed Fox to pursue his appellate rights.**

The sequencing rationale of the August 12 order therefore no longer exists.

The certified September 11 transcript also materially strengthens the first *Waity* factor. The circuit court expressly recognized **manifest error of law or fact** as an independent basis for reconsideration, yet its ruling addressed newly discovered evidence and did not separately adjudicate the manifest-error challenge Fox actually presented.[1]

Fox therefore renews his request for a stay of the March 4, 2026 injunction pending appeal or, at minimum, the limited modification previously requested to preserve lawful court process, governmental petitioning, records preservation, and neutral provider-administrative communications.[2]

## RELIEF REQUESTED

Fox respectfully requests an order:

1. **staying enforcement of the March 4, 2026 injunction pending disposition of Appeal No. 2026AP575; or**
2. **at minimum, temporarily modifying the injunction to preserve the neutral and official channels identified in Fox's August 10, 2026 motion;**
3. granting temporary relief on the papers if necessary to preserve the effectiveness of appellate review; and
4. granting such other relief as Wis. Stat. § 808.07 authorizes.

[1] Evidence has already been filed into the docket 'Motion to dismiss & Motion to Strike' – court should have reviewed them.
[2] Communication to Pathways and Professional Services Group regarding medical records – and it not be used as "contact" or "Harass" like it was used in 25CF1639.

## I. THE PROCEDURAL BASIS FOR THE AUGUST 12 DENIAL HAS NOW EXPIRED.

Wisconsin Stat. Rule 809.12 requires a person seeking relief under § 808.07 ordinarily to seek relief first in the circuit court. When a circuit-court motion has been filed, an appellate motion must identify the reasons given by the circuit court for its action. Wis. Stat. Rule 809.12.

On August 10, Fox renewed his motion in this Court after substantial delay in the circuit court. The August 12 order did not reject Fox's *Waity* showing on its merits. It instead deferred appellate intervention because the circuit court had scheduled a hearing:

> *"We are not persuaded that we need to act on the matter before the circuit court does."*
>
> *Aug. 12, 2026 Order at 1. (Exhibit A)*

That circumstance has materially changed. The postponed circuit-court hearing occurred September 11, 2026. The circuit court heard Fox's argument, denied reconsideration, stated that its ruling was *"a final order for the purposes of appeal," and told Fox that he could "now pursue [his] Appellate rights."* ***Sept. 11 Tr. 5:1-12 (Exhibit B).***

The Court of Appeals therefore need not decide whether to intervene **before** the circuit court acts. The circuit court has acted.

The narrow procedural premise underlying the August 12 denial is gone.

To the extent the September 11 proceeding is treated as the circuit court's disposition of the relief to which this Court deferred, Rule 809.12 is satisfied and the circuit court's reasons are set forth below.

To the extent the September 11 proceeding is characterized solely as reconsideration rather than disposition of the separately requested § 808.07 relief,

further resort to the circuit court is now impractical within Rule 809.12. The circuit court denied the requested reconsideration, left the injunction unchanged, declared the matter final for appellate purposes, and expressly directed Fox to pursue appellate review.

**Under either characterization, the August 12 reason for withholding appellate consideration no longer supplies a basis to defer the Rule 809.12 motion.**

## II. THE SEPTEMBER 11 RULING SUPPLIES THE CIRCUIT COURT'S REASONS AND MATERIALLY STRENGTHENS THE LIKELIHOOD-OF-SUCCESS SHOWING.

A motion for reconsideration may rest upon either newly discovered evidence[3] **or manifest error of law or fact**. *Bauer v. Wisconsin Energy Corp.*, 2022 WI 11, ¶13, 400 Wis. 2d 592, 970 N.W.2d 243.

The circuit court correctly identified both grounds on September 11:

*"The standard that the Court is to apply is whether or not there is newly discovered evidence or whether or not there is manifest error of law or fact."*

***Sept. 11 Tr. 4:8-11 (Exhibit B).***

Fox's argument immediately preceding that ruling did not principally ask the court to reopen the matter because of newly discovered evidence. He challenged the statutory and evidentiary foundation of the injunction. He argued that the communications had been characterized as harassment although the asserted purpose concerned records preservation and litigation involving his children, and he asked the *court to vacate the injunction because the existing record did not establish the statutory predicate.* ***Sept. 11 Tr. 2:21-25; 3:1-24; 4:1-7 (Exhibit B).***

[3] Documents were already filed into the docket, therefore they were not needed. My appearance through Zoom would not have even allowed me to present it directly to the court.

That argument tracked an issue Fox had already preserved at the March 4 de novo hearing. *At that hearing, before the injunction was entered, Fox expressly argued that the communications overlapped with Family Case No. 2021FA47, subpoenas, Pathways and PSG, and litigation activity that supplied a legitimate purpose.* ***March 4 Tr. 20:11-24; 21:4-19; 21:23-22:6 (Exhibit C).***

The September 11 ruling did not separately determine whether the March 4 *"no legitimate purpose"* finding constituted manifest error on that record.

Instead, after identifying both reconsideration grounds, the circuit court reasoned that Fox had chosen not to testify at the March 4 hearing and then invoked *Bauer* for the proposition that evidence available at the original proceeding is not newly discovered merely because it was not presented. ***Sept. 11 Tr. 4:12-25; 5:1-2 (Exhibit B).***

The court then characterized Fox as:

> *"upset because of the effect that the injunction has upon him,[4]" stated that such dissatisfaction was not a basis for relief, and denied reconsideration.*
>
> ***Sept. 11 Tr. 5:3-10.(Exhibit B)***

**That reasoning answered a newly-discovered-evidence theory. It did not separately answer the preserved manifest-error theory.**

Fox does not argue that *Bauer* is incorrect. *Bauer* supplies the distinction that matters here: newly discovered evidence and manifest error are separate grounds for reconsideration.

The circuit court announced both. Its oral ruling addressed only one.[5]

---

[4] Conclusory statement from the court. Constitutional deprivation of parental access is the issue!

[5] *See Borreson v. Yunto*, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656 (discretion is erroneously exercised when the court fails to examine relevant facts, applies the wrong legal standard, or fails to employ a demonstrated rational process).

That mismatch materially strengthens Fox's showing that reasonable appellate jurists may disagree with the legal sufficiency of the injunction and the circuit court's refusal to disturb it.

## III. THE ORIGINAL RECORD CONTINUES TO PRESENT A SUBSTANTIAL "NO LEGITIMATE PURPOSE" ISSUE.

The August 10 motion demonstrated why Fox's appellate challenge exceeds a mere possibility of success.

Wisconsin Stat. § 813.125(1)(am)4.b requires a course of conduct or repeated acts that harass or intimidate **and serve no legitimate purpose**. *Welytok v. Ziolkowski*, 2008 WI App 67, ¶30, 312 Wis. 2d 435, 752 N.W.2d 359, requires purpose to be determined from the facts and circumstances.

The March 4 evidentiary record remained materially incomplete as to the communications the circuit court ultimately relied upon.

Petitioner *testified that she did not have the May email in front of her.* ***March 4 Tr. 15:7-17.*** *The July email "isn't attached here for some reason."* ***March 4 Tr. 17:1-6 (Exhibit C).*** *The August item was described as "a little vague."* ***March 4 Tr. 17:13-20 (Exhibit C)..*** *A September item merely "looks like" an email, and a separate September communication could not be directly attributed to Fox.* ***March 4 Tr. 17:22-25; 18:1-7 (Exhibit C).***

Yet the ultimate ruling found that May, July, August, and September communications improperly referenced Petitioner and served *"no legitimate purpose."* ***March 4 Tr. 24:9-20 (Exhibit C).***

<u>Fox had already identified a litigation and provider-record context before that finding was entered.</u> ***March Tr. 20:11-24; 21:4-19; 21:23-22:6 (Exhibit C).***

**The circuit court could credit Petitioner's testimony that communications occurred. But credibility did not supply the missing contents of those**

**communications or establish why the particular communications forming the statutory course served no legitimate purpose.**

The workplace-impact testimony does not cure that defect.

After Petitioner acknowledged that she did not have the May email before her, the circuit court asked whether the communication required her to have "uncomfortable conversations" with her employer.[6] Petitioner answered, *"Constantly." **March 4 Tr. 15:7-20. (Exhibit C)** The circuit court later relied upon workplace discomfort in its findings. **March 4 Tr. 24:9-20 (Exhibit C).*** That evidence may describe an asserted effect.[7]

It does not independently establish the separate statutory element that the underlying communications served **no legitimate purpose.**

The September 11 ruling did not supply that missing content-and-purpose analysis.

## IV. WAITY NOW FAVORS APPELLATE INTERVENTION RATHER THAN FURTHER DEFERRAL.

*Waity v. LeMahieu* requires consideration of four interrelated factors: likelihood of success, irreparable injury, harm to other interested parties, and the public interest. 2022 WI 6, ¶49, 400 Wis. 2d 356, 969 N.W.2d 263.

The first factor is strengthened for the reasons above. The circuit court's September 11 ruling did not separately resolve the manifest-error challenge, and the original evidentiary gap concerning legitimate purpose remains.

The second factor remains substantial. *Waity* directs courts to ask whether the injury occurring during appeal can later be undone. *Id.*, ¶57. Fox continues to operate under a four-year injunction while court proceedings, subpoenas, records

[6] Workplace discomfort does not itself establish statutory harassment. *Bachowski* requires more than conduct that is merely bothersome or annoying; "harass" means repeated conduct that continually troubles or badgers, while "intimidate" means to make timid or fearful. *Bachowski v. Salamone*, 139 Wis. 2d 397, 407–08, 407 N.W.2d 533 (1987); see also *Welytok v. Ziolkowski*, 2008 WI App 67, ¶¶33–35, 312 Wis. 2d 435, 752 N.W.2d 359.
[7] Feelings don't govern statues. Facts do!

requests, preservation obligations, provider administration, and appellate obligations continue. Lost opportunities to preserve records, pursue time-sensitive process, or use an available lawful administrative channel cannot necessarily be restored after the appeal concludes.

The third factor favors, at minimum, the requested limited modification. Fox does not seek authorization to approach Petitioner personally or to use third parties as conduits for personal communications. The requested channels are neutral and verifiable: courts, clerks, process servers, governmental agencies, records custodians, provider counsel, compliance offices, and designated institutional representatives.

The fourth factor favors precision. There is no public interest in uncertainty concerning whether ordinary court process, governmental petitioning, or neutral records administration constitutes prohibited indirect contact under an injunction carrying criminal consequences.[8]

And under *Waity*, the likelihood-of-success inquiry must account for the applicable appellate standard and the possibility that reasonable appellate judges may disagree with the circuit court's legal analysis. *Id.*, ¶53. The amount of success required also decreases as the potential irreparable injury increases, although more than a mere possibility of success is always required. *Id.*, ¶54. Fox has made that showing.

## V. THE LIMITED ALTERNATIVE REMAINS AVAILABLE IF THE COURT DECLINES A COMPLETE STAY.

If the Court declines to stay the injunction in full, Fox renews the narrower relief proposed August 10. Pending disposition of Appeal No. 2026AP575, the injunction should be temporarily modified or clarified to provide:

[8] *Board of Regents–UW Sys. v. Decker*, 2014 WI 68, ¶¶48–50, 355 Wis. 2d 800, 850 N.W.2d 112 (harassment injunction must be specific as to prohibited acts and conduct; clarity is necessary for both the restrained party and law enforcement); *Bachowski*, 139 Wis. 2d at 414.

**1. Court process.** The injunction does not prohibit filing or serving pleadings, motions, notices, subpoenas, discovery, appellate papers, or other lawful process through a clerk, sheriff, process server, counsel, registered agent, or other method authorized by law or court order.

**2. Governmental petitioning.** The injunction does not prohibit filing a lawful petition, complaint, report, request for review, or response with a court, law-enforcement agency, licensing authority, child-welfare authority, or other governmental body through its official channel.

**3. Records and provider administration.** The injunction does not prohibit a written, minimum-necessary communication concerning preservation, records access, authorization, billing, insurance, scheduling, or administrative compliance when directed to provider counsel, a records custodian, compliance office, or designated representative other than Petitioner.

**4. No personal-message conduit.** The authorized channels may not be used to transmit a personal message to Petitioner or evade the injunction's restrictions on personal contact. If an entity designates another lawful channel in writing, Fox shall use that channel.

This relief leaves Petitioner's protection against personal harassment intact while preserving lawful institutional process.

## CONCLUSION

The Court's August 12 order deferred appellate intervention because the circuit court had not yet acted. **<u>It has now acted.</u>**

The September 11 hearing left the injunction intact, denied reconsideration, declared the ruling final for appellate purposes, and directed Fox to pursue his appellate remedies. The certified transcript also demonstrates that although the circuit court expressly identified manifest error as an independent reconsideration ground, its ruling addressed newly discovered evidence without separately resolving the manifest-error challenge Fox presented.

The Court should now reach the Rule 809.12 request.

Fox respectfully requests a stay of the March 4, 2026 injunction pending appeal. At minimum, the Court should enter the limited modification above so that lawful court process, governmental petitioning, records preservation, and neutral provider administration may continue through official channels while the merits appeal is decided.

Nothing in this supplemental motion waives any appellate issue, statutory argument, evidentiary objection, claim, defense, or remedy previously preserved.

Dated this 21st day of September, 2026.

Respectfully submitted,

**<u>Electronically signed by:</u>**
**Mathiew R. Fox**