# United States District Court
# Eastern District of Wisconsin

*Case No. 2:26-cv-00797-BHL*

MATHIEW RAE FOX,
Plaintiff,

v.

ALEXANDRA K. SMATHERS, et al.,
Defendants.

U.S. District Court
Wisconsin Eastern
SEP 2 2 2026
FILED
Clerk of Court

## DECLARATION OF MATHIEW RAE FOX IN SUPPORT OF RULE 60(b)(6) / RULE 62.1 MOTION

I, Mathiew Rae Fox, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the communications I sent or received and of the filings I made. For public docket materials, court transcripts, and police materials, I authenticate only that the attached exhibit is a true and correct copy of the material I obtained from the identified source; I do not convert another person's statement into a judicial finding by attaching it.

2. Exhibit A is a four-page excerpt of email correspondence between my then-criminal-defense counsel and Kenosha County prosecutor Vincent Kurta concerning Case No. 2025CF001639. I intentionally excluded communications between me and my attorney. I offer Exhibit A for the prosecutor-defense counsel communications appearing on their face, including the August 20, 2026 statement quoted in the motion.

3. Exhibit B is a redacted Wisconsin Circuit Court Access disposition for Kenosha County Case No. 2025CF001639. I offer it to document the August 20, 2026 trial-level disposition, dismissed-and-read-in counts, restitution, fine and costs, bond history, and later notice of intent to pursue postconviction relief.

4. Exhibit C is family-court Document 502, filed June 24, 2026, containing my records-access submission and provider-specific authorizations. I offer it to

show the scope of the request, legal authorities I identified, and protective alternatives I requested.

5. Exhibit D is family-court Document 510, filed July 1, 2026. It is a proposed order that I submitted. I do not represent that it was entered. I offer it only to show the neutral records-processing procedure I requested.

6. Exhibit E is family-court Document 521 showing that on August 10, 2026 Judge Gerad Dougvillo electronically declined my proposed prompt-ruling order. I offer the document as a docket event, not as proof of motive or as a request that this Court review the correctness of the ruling.

7. Exhibit F contains redacted PSG records correspondence. It includes Leah Featherstone's September 2, 2026 email stating that she had received my records request through counsel, requesting clarification, and stating that after clarification she could start getting the records together; my September 3 detailed response; my September 7 counsel-routed follow-up; and the September 8 transmission of PSG's denial.

8. Exhibit G is PSG's September 3, 2026 written denial concerning Michael's treatment records. I offer it to document PSG's stated position and legal basis. I do not offer the letter as proof that PSG's legal interpretation or mine is correct.

9. Exhibit H contains Kenosha County family-court Documents 483 through 485. Document 483 is my April 20, 2026 motion seeking authorizations or direct provider release; Document 484 is the proposed order; and Document 485 reflects the April 21 electronic decline stating that the request did not state a legal basis for which it could be granted.

10. Exhibit I is a certified excerpt of the March 4, 2026 hearing transcript in Kenosha County Case No. 2026CV000107. I offer it only as pre-judgment context concerning provider employment, licensing-board reporting, police-report history, and the asserted litigation/preservation purpose of provider communications. I do not offer it as Rule 60(b)(2) newly discovered evidence.

11. Exhibit J contains Kenosha Police Department report material concerning provider-directed communications and alleged injunction violations. I offer it only for the limited chronology described in the motion and do not offer it as proof that the investigation, referral, or injunction was unlawful. I do not offer it as Rule 60(b)(2) newly discovered evidence.

12. Before the September PSG correspondence, I had sought court-directed release of Pathways and PSG records, supplied authorizations, identified asserted legal authority, narrowed the requested categories, and proposed protective and neutral-processing alternatives as reflected in Exhibits C-E and H.

13. I have not included privileged communications between me and my criminal-defense attorney as exhibits supporting this motion.

14. I do not ask the Court through this motion to find that any person committed a crime, corruption, conspiracy, or professional misconduct. Where I draw an inference concerning retaliation, motive, or coordination, I rely on the underlying documents and identify that proposition as an inference rather than an existing judicial finding.

15. I continue to pursue state postconviction review of the criminal judgment. I do not ask this Court to invalidate that judgment through this Rule 60 / Rule 62.1 motion.

16. To the best of my knowledge, Exhibits A through J are true and correct copies of the materials described above, subject to the redactions shown in the filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st. day of September, 2026,

Respectfully submitted,

Mathiew Rae Fox,
Plaintiff Pro Se
2726 83rd St.
Kenosha, WI 53143
(262) 203-3109
Mathiew.fox@gmail.com