UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATHIEW RAE FOX,

Plaintiff,

v.

Case No. 26-cv-0797-hl

ALEXANDRA K SMATHERS, et al,

Defendants.

---

**ORDER**

---

Plaintiff Mathiew Rae Fox is a vexatious pro se litigant who appears determined to relitigate his state court custody dispute in federal court. Within a 5-day period, Fox filed two extremely similar lawsuits in this Court against a slew of named defendants. (ECF No. 1); *see also Fox v. Iverson*, No. 26-cv-0772-BHL, ECF No. 1 (E. D. Wis. April 30, 2026). Both cases arise from state court orders in his child custody case.

On July 15, 2026, the Court dismissed this case without prejudice for lack of jurisdiction. (ECF No. 60.) Fox had sued Sarah Ann Fox (his ex-wife), Thomas Anderson (the lawyer who represented Sarah Ann), Judge Heather Iverson (the Kenosha County Circuit Court Judge overseeing the child custody case), Alexandra Smathers (a Kenosha County Court Commissioner who oversaw part of his child custody case), Hollie White (a witness who testified in the child custody case, and also the complaining witness in a criminal prosecution brought against Fox in state court), Pathways Consulting and Professional Services group (two organizations that provide therapy), and Lora Reinders (the clinical director of Pathways Consulting). (ECF No. 1 ¶¶25–52.) The Court determined that his claims were barred by the *Rooker-Feldman* doctrine, as he sought to challenge various state court orders entered against him. (ECF No. 60.) Had that doctrine not barred his claims, the Court found that Fox's claims were not viable for myriad other reasons, including the domestic relations exception to federal jurisdiction, absolute judicial immunity, a lack of state action, and for some claims, *Younger* abstention, and claim splitting. (ECF No. 60 at 6–7.) The Court also dismissed Fox's extremely similar case under the *Rooker-Feldman* doctrine,

and because the same problems (the domestic relations exception to federal jurisdiction, judicial immunity, and a lack of state action) also applied. *See Fox v. Iverson*, No. 26-cv-0772-BHL, ECF No. 35. Because it appeared that he had filed suit to harass or intimidate the defendants, the Court's dismissal order also required Fox to show cause in writing why he should not be sanctioned for filing his lawsuit for an improper purpose. (ECF No. 60 at 7–8.)

Fox has now filed a response to the Court's order to show cause, an untimely notice of appeal, a motion for an extension to file his notice of appeal, a motion requesting leave to file a reply in support of that motion, and a motion requesting an indicative ruling allowing him leave to file a "first amended and supplemental complaint" upon remand. (ECF Nos. 62, 63, 68, 73, & 75.) This Order addresses these filings.

## I. The Court Will Sanction Fox by Imposing a Filing Bar.

In its July 15, 2026 dismissal order, the Court noted that "Fox ha[d] shown a pattern of filing cases attacking the defendants in an attempt to intimidate or retaliate against them." (ECF No. 60 at 8.) The Court further noted that his two cases involved many of the same defendants, that he had been sanctioned with a contempt order in his child custody case, and that there was a pending criminal prosecution against Fox, in which he had been accused of stalking White (a defendant in both cases). (*Id.*)

In his response, which appears to be primarily written by an artificial intelligence program, Fox offers an array of arguments that largely seek to split hairs about the possible viability of his claims. (ECF No. 62.) He asserts: (1) that he believed that until the Supreme Court's recent decision in *T.M. v. Univ. of Md. Med. System Corp.*, 608 U.S. 668 (2026), his claims were not necessarily barred by *Rooker-Feldman*; (2) that his federal injuries were independent from the state court orders entered against him; (3) that his complaint attempted to distinguish between relief that would interfere with the ongoing criminal prosecution against him, and avoid implicating *Younger* abstention; (4) that his complaint "sought to remain outside the narrow domestic relations exception;" (5) that the complaint pleaded a "conditional joint-action theory" to sufficiently allege state action; (6) that the "complaint accounted for judicial immunity though a functional distinction;" and (7) that his claims "invoked recognized constitutional doctrines." (ECF No. 62 at 4–8.) Fox ignores the basic reality of the situation: he is a state court litigant who lost in state court and therefore needed to raise any issues arising from that litigation in the state appellate court. He had his chance to appeal in state court, he in fact did so, and he lost there too.

*See In Re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, 2025 AP 2229 (Wis. Ct. Ap. April 8, 2026). Federal courts do not hear appeals from disgruntled state court litigants and it is improper to use the federal courts to relitigate issues lost in the state court.

Fox's response only briefly addresses the Court's main concern—that he was using his federal court lawsuits not as honest, good faith attempts to vindicate his rights, but rather to harass Sarah Ann, her attorney, Anderson, White, and Judge Iverson. (ECF No. 62 at 11–13.) Fox argues first that his purpose was "adjudication of claimed federal injury." (*Id.* at 11.) But he sued private citizens who are not state actors and defendants with immunity, and they did not plausibly violate his federal rights. He next asserts that "the two actions were not filed to multiply proceedings or evade a ruling" and the scope of the second lawsuit was "broader" than the first, and therefore the Court should not be suspicious of his conduct. (*Id.* at 11–12.) This assertion is self-serving and not persuasive. As explained in the Court's order, the concern is that Fox improperly burdened the defendants with having to respond to baseless lawsuits. As noted in the order dismissing this case, at least one of his claims would have also implicated claim splitting because there was both identity in the parties, and identity in the causes of action. (ECF No. 60 at 6 n.2.) He further argues that he had not been convicted in his criminal case at the time of the order, (ECF No. 62 at 12), that he did not seek to disrupt that lawsuit. This ignores that he previously asserted that White's conduct as a complaining witness in the criminal case was part of the basis of his first amendment claim. (ECF No. 1 ¶¶282–91.)

He next asserts that his "objective filing conduct is inconsistent with harassment." (ECF No. 62 at 13.) The record is to the contrary. Fox's filing history is consistent with efforts to harass the defendants. Days before the Court entered the orders dismissing his cases, Fox filed a letter in both cases that is simply a screed against the state court and the various defendants. (ECF No. 54.) Unlike his other filings, Fox's letter seems to have been authored by Fox himself, instead of an artificial intelligence program. It ends with the exclamation "[i]t is the record now!" (*Id.* at 7.) In his letter, Fox bemoans the fact that the state court requires him to pay child support, that he has been restricted to supervised visitation (requiring him to pay a third party to supervise him while he sees his children), and that his children now call him by his first name instead of "Dad." (*Id.* at 1–2.) He directly calls on the Court to review "whether [the state court's] discretion was exercised

in a way that actually served the children's best interest[.]"[1] (*Id.* at 2–3.) These statements lay bare the truth of Fox's conduct and motives. They also severely undercut Fox's repeated assertions that he has not asked the Court to review the state court's custody judgment. The animosity he expresses against Judge Iverson, Sarah Ann, and other people associated with this child custody dispute also undercuts his assertions that he is merely attempting to rectify a narrow constitutional injury.

Because his conduct suggests that he initiated and maintained these lawsuits for an improper purpose, the Court will sanction Fox by imposing a filing bar. The Court finds that Fox's repetitive litigation has been unreasonable and vexatious, and the Court will exercise its inherent power to prevent the further wasting of judicial resources. *See Carr v. Tillery*, 591 F.3d 909, 919–20 (7th Cir. 2010) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)). The Court will bar Fox from filing any further complaints relating to his child custody case and related court proceedings. The Court cautions that further sanctions, including potential monetary penalties, may be ordered if Fox burdens the Court with additional meritless filings.

**II. Fox's Motion For an Extension of Time to File His Notice of Appeal Is Denied.**

Under 28 U.S.C. §2107, and Rule 4(a) of the Federal Rules of Appellate Procedure, Fox had thirty days, or until August 14, 2026, to file his notice of appeal. Under Fed. R. App. 25(a)(1)(A)(i), a paper not filed electronically "may be [filed] by mail addressed to the clerk, but filing is not timely *unless the clerk receives the papers within the time fixed for filing*." (emphasis added). A district court may extend the time to appeal only when the party seeking an extension so moves within 30 days of the deadline's expiration and demonstrates that "excusable neglect or good cause" justified its failure to meet the deadline. Fed. R. App. P. 4(a)(5)(A); 28 U.S.C. §2107(c). Determining whether the movant has met that burden is within the district court's discretion. *Mayle v. State of Illinois*, 956 F.3d 966, 968–69 (7th Cir. 2020.)

Good cause applies in situations where the party who failed to meet a deadline is not at fault. *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). Conversely, courts consider whether neglect was "excusable" when the movant is at fault. The standard for reviewing whether neglect

---

[1]Ironically, Fox attaches what appears to be a single page of a transcript from a hearing in his child custody case, and literally highlights a statement made by Judge Iverson: "Mr. Fox, you seem to be a very intelligent man and I pray this doesn't fall on deaf ears, but I have a feeling it will. You are clearly the issue and the problem here. It is —I'm not sure if your ego and pride won't let you see that or if you honestly are incapable of self-reflection." (ECF No. 54-1.)

is "excusable" is an equitable one, and courts consider factors like the risk of prejudice to the non-movant, the length of the delay, the reason for the delay—including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). "To establish excusable neglect, the moving party must demonstrate genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline, in addition to whatever lack of prejudice and absence of delay he can show." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). A mere lack of prejudice to opposing parties does not entitle one to an extension. *Mayle*, 956 F.3d at 969.

Fox's notice of appeal was filed on August 17, 2026, backdated to August 4, 2026, and postmarked August 14, 2026. (ECF No. 63.) He indicates that he first mailed his notice on August 4, [2] but, for unknown reasons, it was not filed on the docket. (ECF No. 68 ¶¶2–3.) He further states that he discovered this fact on August 12, 2026, and then prepared a new notice of appeal that same day but inexplicably did not mail it until "no later than August 14," 2026. (ECF No. 69 ¶¶5–8.) Fox thus admits that he learned of the alleged mailing issue with time to correct it but then delayed addressing the problem. Much like the plaintiff in *Mayle*, Fox does not offer good cause but has "confessed in essence to neglect." 956 F.3d at 969. While Fox relies on *Mayle*, (ECF No. 68 ¶7), he does not acknowledge that the Seventh Circuit in that case deferred to the district court's discretion in deciding the movant's request for an extension. 956 F.3d at 965–69 ("It was up to the district court—not an appellate court—to decide whether to excuse his neglect."). This Court will not excuse Fox's neglect, because his reason for the delay is not a good one, and his conduct in both of his recently filed cases suggests that he is not litigating in good faith. While the time delay is slight, and the risk of prejudice to the defendants low, those facts "do little analytical work in this context." *Satkar Hospitality, Inc.*, 767 F.3d at 707. The reason for the delay is simply not persuasive. Fox alleges that his first notice was lost, he realized it was not docketed, but rather than call the clerk of court to investigate, mail a notice again on the day he recognized the problem, or drive to the courthouse to deliver the notice in person to ensure its timely filing, he chose to wait two additional days before placing the notice in the mail. As discussed above, Fox's conduct

---

[2] While Fox includes a screenshot of his saved notice of appeal on his computer, with a date of August 3, 2026, (ECF No. 68-1 at 1), this does not establish, nor, to be frank, even suggest, that he also *mailed* his notice of appeal on that date.

throughout this proceeding, and his other case, has been irregular and strongly suggested that he pursued frivolous claims to harass the defendants. For those reasons, the Court will deny Fox's extension.[3] His notice of appeal remains untimely.

**III. Fox's Remaining Motion Is Denied.**

Fox also requests an "indicative ruling" under Federal Rules of Civil Procedure 60(b)(2) and 62.1, and for leave to file a first amended complaint on remand. (ECF No. 75.) Rule 60(b)(2) allows a court to relieve a party from a final judgment, order, or proceeding for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

In his motion, Fox asserts a tenuous theory. As best the Court understands it, the prosecutor in his criminal case, which resolved by guilty plea to a lesser charge, responded during plea negotiations that if he did not "read-in" Fox's other conduct, he would likely receive a complaint to "the board" from the victim (White, one of the defendants here). (ECF No. 75 at 3.) According to Fox, this comment "materially bear[s] on [the Court's dismissal Order's] purpose inference." (*Id.* at 3.)

Putting any procedural oddities aside, this is a nonsensical theory. The Court, as discussed above, inferred that Fox filed his two federal lawsuits for an improper purpose because he brought very similar untenable claims against shared defendants, he filed them after already losing in state court, and because his conduct, as described in his own complaints, was troubling and suggested bad faith. Moreover, Fox's improper purpose was discussed in the context of sanctions, not the merits of Fox's claims. His claims objectively fail regardless of his purpose for bringing them. This motion will be denied. The Court will, again, caution Fox that additional frivolous filings will result in additional sanctions. Fox will not be granted leave to amend his complaint.

---

[3]Fox also requests leave to file a reply to Defendant Professional Services Group's brief opposing his motion. That motion will be granted, but his additional reply brief does not offer any persuasive arguments that warrant reaching a different decision. (ECF Nos. 73 & 73-1.)

## CONCLUSION

As discussed above, the Court will sanction Fox by imposing a filing bar. His motion for an extension of time to file his notice of appeal is denied. His appeal is untimely. His additional motions for an indicative ruling and for leave to file an amended complaint are denied. Accordingly,

**IT IS HEREBY ORDERED** that Fox is **BARRED** from filing complaints in this Court related to his child custody case, or any related proceedings. The Clerk is instructed not to file complaints related to Fox's child custody case.

**IT IS FURTHER ORDERED** that Fox's motion for an extension of time to file notice of appeal, ECF No. 68, is **DENIED**.

**IT IS FURTHER ORDERED** that Fox's motion for leave to file a sur-reply, ECF No. 73, is **GRANTED**.

**IT IS FURTHER ORDERED** that Fox's motion for an indicative ruling and for leave to file an amended complaint, ECF No. 75, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge